### R. N. Andrew v. W. J. Kennedy.

Statute of Limitations—*Acknowledgment of Existing Liability*. In order to revive a cause of action which has been barred by the statute of limitations, under that provision of the statute which provides that an action may be brought within the period prescribed by the statute, when there has been "an acknowledgment of existing liability" in writing, the writing must be such as to show that the party admits or recognizes the debt or claim as one upon which he is still liable and bound for its satisfaction; and a letter written by the maker of two notes to the holder thereof, in which the maker of the two notes writes of a matter of "business" between them, and offers to give his own note payable one year hence for a sum less than one-half of the original liabilities, is not sufficient to remove the bar of the statute.

*Error from the Probate Court of Payne County.*

Action brought by Kennedy on January 12, 1895, in the probate court of Payne county against Andrew upon

40—IV.

two promissory notes, the one for $62, dated September 24, 1887, the other for $87, dated October 21, 1887, due respectively thirty and sixty days from date, and each bearing 12 per cent. per annum interest from maturity. The plaintiff claimed that the following letter relieved the notes from the bar which would otherwise have been created by the five years' statute of limitations:

"STILLWATER, Ok. Decm. 29, 1894.

"Dear Friend Mr Kenidy: I will Drop you a Few Lines to night in Regard to our Busines I want to say to you That we are in trouble here now For we got our Court house Burnt up here night Before last and it threw me in bad shape The same as the Rest of the county officers We had no vault and everything was Burnt But a few books But the most important one were Burnt and all of the Register of Deeds Books were burnt and you can see that it through The County in Bad Shape.

"Now I want to say to you about our business i have not go no mone now nor wont have For some Time and i want to get That Thing off my mind Some time now i will make you a note For One hundred $100.00 payible in one Year and i will get the money By that Time and pay you and Less have it settled I have been hard up all of the Time so i could not do anything Of course you will loose but i Cant Pay every thing and Live if I had The money i would pay the cash But I have not got I have a wife and a Baby to Take care of Now I will do this and see that it is paid if you want to Please Let me no and so instruct Fred Hunt

"Yours R. N. ANDREW, Under Sheriff."

On the trial on March 5, 1895, judgment was rendered for plaintiff for $281.37 and costs. From this judgment defendant appeals. Reversed.

*Geo. P. Uhl,* for plaintiff in error.

*F. C. Hunt,* for defendant in error.

The opinion of the court was delivered by

BIERER, J.: The question involved in this case is as to whether or not the letter set out in the above statement of the case, and which was written by defendant below to plaintiff on December 29, 1894, was such an "acknowledgment of an existing indebtedness" as would remove the bar of the statute of limitations as applied to the notes sued on. The statute is admitted to have run against the notes, and the action barred, unless this letter brings the cause within § 3896, which is as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

The sole and simple question is, is this letter "an acknowledgment of an existing liability, debt or claim," as applied to the notes held by plaintiff, and which were signed by defendant? If it is, the judgment of the court below is correct. If it is not, the judgment is wrong.

This letter does not, in any way, refer to either of the notes sued on. The plaintiff, however, sought to show by parol testimony that the letter referred to the notes upon which plaintiff brought his action. It is not necessary for us to determine in this case whether parol testimony can be resorted to to prove that a statement made in writing which acknowledges "an existing liability," refers to a particular note. If that part of plaintiff's difficulty were overcome, the letter could not be held to be "an acknowledgment of an existing liability, debt or claim," for the simple reason that the letter, in no part of it, makes any such acknowledgment.

It is claimed by defendant in error that the word "business" used in the letter referred to the notes, and by this expression they were recognized as an existing claim. If it is true that the language means that the notes were recognized as existing, it cannot be held that it referred to the notes as existing liabilities of Andrew's. The notes had long since been barred by the statute of limitations; yet they were a matter of "business" between them, because, from the tenor of the letter and what we gather from the case, the notes were in the hands of Fred Hunt, plaintiff's attorney, for collection. But recognizing and admitting the fact that the notes were a matter of business between them, would amount to nothing more than an admission by Andrew that they would be, as they have been, the subject of a law suit between them if Kennedy persisted in his demands for settlement of the notes in full and Andrew continued to refuse payment on those terms. And surely this would not be an acknowledgment that the notes were "an existing liability," where they were, in fact, no liability at all without a direct or otherwise clear admission of their binding force upon Andrew. It is not every communication between an alleged debtor and an alleged creditor that recognizes an alleged claim as " an existing liability." They may have conferences, either oral or in writing, without there being any acknowledgment or denial of the claims of either of the parties. The most that can be said of this letter, even if it referred to these notes, is that Andrew acknowledged that these notes, many years past barred, were still held by Kennedy and were in the hands of his attorney for collection, and that he then proposed as a compromise of the claimed indebtedness of $281.37 to give his note for the sum of $100, payable one year hence. We can hardly regard that as

a substantial acknowledgment of a present existing indebtedness.   It is claimed, however, by defendant in error, that "the letter from Andrew to Kennedy fully discloses the writer's willingness to pay the debt," and that this "debt" referred to the notes in the suit.   The willingness of Andrew to pay the debt did not refer to an existing one, but to one that he was willing should exist if Kennedy accepted his pioposition, that is, he was willing to pay the one hundred dollars at the end of the year, but he expressed no desire to recognize or meet the two notes in any other way.   The letter is a mere offer to compromise, and is no such plain and direct " acknowledgment of an existing liability " as would take these notes out of the operation of the statute of limitations.

Our statute of limitations was adopted from Kansas, and the construction placed upon the statute in that state prior to its adoption here is the construction that must be placed upon it here.   The statute in question has been many times applied to cases before the supreme court of that state, and the rule enunciated definitely stated.

In the case of *Green v. Goble*, 7 Kan. 297, it was held that a new note and mortgage, which were signed in pursuance to a previous arrangement, which was, however, never consummated, cannot be used as evidence of an acknowledgment of an existing debt.

In the case of *Hanson v. Towle*, 19 Kan. 273, letters much stronger than the one in the case at bar were held not to have been " acknowledgment of an exisiting liability."   The meaning of the statute is stated in the language of Mr. Justice Brewer, thus:

"A mere reference to the indebtedness, although consistent with its existing validity, and implying no disposition to question its binding obligation, or a sug-

gestion of some action in reference to it, is not such an 'acknowledgment' as is contemplated by the statute. This must be an unqualified and direct admission of a present-subsisting debt on which the party is liable, and which he is willing to pay."

In *Elder v. Dyer*, 26 Kan. 604, Mr. Justice Valentine, speaking for the court, stated what would revive a debt or claim under this statute in this language:

"Anything that will indicate that the party making the acknowledgment admits that he is still liable on the claim, that he is still bound for its satisfaction, and that he is still held for its liquidation and payment, is sufficient to revive the debt or claim; and there is no necessity that there should also be a promise to pay the same, either express or implied."

It will be observed that this language of the court omitted the words "and which he is willing to pay," as used by Mr. Justice Brewer in *Hanson v. Towle* in stating the elements of an acknowledgment of the existence of an obligation; and Justice Brewer in the *Elder v. Dyer* case, took occasion to expressly modify the language used in the case of *Hanson v. Towle*, and to state that the words "and which he is willing to pay" did not correctly state the law, and that such a willingness was not an essential part of the admission of an existing liability in order to revive the debt.

In the case of *Gragg v. Barnes*, 4 Pac. 276, the supreme court of Kansas held that the making of a subsequent note for the amount of the original note and interest, which note was made on condition that the maker, who was surety on the first note, should bring suit against the principal on the first note, and should apply the property which it was supposed he could obtain by the action, as a credit on the last note, and to assign to the holder of the last note the judgment which

he should get against the principal on the first note, was not an acknowledgment of an existing liability on the first note. In this case Mr. Justice Horton, speaking for the court on the question, said:

"In the case of *Hanson v. Towle*, 19 Kan. 273, it was held that to prevent the running of the statute of limitations upon an indebtedness there must be an unqualified and direct admission of a present subsisting debt on which the party is liable. This part of the opinion has never been changed or modified, and is the law of the state today. (*Elder v. Dyer*, 26 Kan. 604.)"

The only other Kansas case cited by defendant in error (and no others can have any bearing on the question) is *Pracht v. McNee*, 40 Kan. 1, 18 Pac. 925. That case is no support to claim of counsel in this case. In that case, Pracht, the debtor, within five years before the action was brought, and while "the note was in full force and effect," wrote the following postal card to Mc-Nee, the holder of the note on which judgment was rendered:

"James McNee, Cottonwood Falls: I will turn you over Farmers' notes for the note you hold against me—Fign note. Let me hear from you. F. Pracht."

This was a written admission by the debtor that the party addressed held a particular note that was then in full force and a binding obligation on the writer of the card. In the case at bar the letter did not acknowledge that the notes were an existing obligation, and if it has reference to them, they did not, in fact, exist as liabilities, for they were barred by the statute.

The court below erred in holding that the letter of Andrew was an "acknowledgment of an existing liability" to Kennedy, upon the notes sued on, and that they were thereby relieved from the bar of the statute.

The judgment of the court below must be reversed at

the costs of defendant in error, with directions to sustain the motion of defendant in error for a new trial.

All the Justices concurring.