## AMERICAN SURETY CO. of NEW YORK

### v. STEELE.

No. 10478—Opinion Filed Jan. 10, 1922.

(Syllabus.)

1. **Limitation of Actions—Tolling Statute by Payment or Acknowledgment of Debt.**

Section 4663, Rev. Laws 1910, provides: "In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

2. **Same.**

The above provision of the Code provides three ways by which an action on the contract after it has become barred as well as before may be taken out of the operation of the statute: First, by payment of a part of the principal or interest; second, by an acknowledgment in writing of an existing liability, debt, or claim signed by the party to be charged; third, by a promise of payment in writing signed by the party to be charged—and it is sufficient that one of these conditions shall exist.

3. **Same—Sufficiency of "Acknowledgment."**

A mere reference to the indebtedness, although consistent with its validity and implying no disposition to question such validity, or a mere suggestion of some action concerning it, is not such an acknowledgment as is contemplated as sufficient to suspend the running of the statute of limitation. There must be an unqualified and direct admission of a present subsisting debt on which the party is liable, and which he is willing to pay.

4. **Same.**

Record examined, and held, that the letter of the defendant addressed to plaintiff was not sufficient to toll the statute of limitation under the provision of the statute, supra, and the trial court properly so held. The judgment of the trial court is therefore affirmed.

Error from District Court, Kay County; W. M. Bowles, Judge.

Action by the American Surety Company of New York against R. S. Steele. Judgment for defendant, and plaintiff brings error. Affirmed.

James Q. Louthan, for plaintiff in error.

L. A. Maris, for defendant in error.

JOHNSON, J. On March 1, 1918, the American Surety Company of New York, a corporation, plaintiff in error, as plaintiff, commenced an action in the district court of Kay county against defendant in error, R. S. Steele, as defendant, to recover the sum of $615, expenses and the interest thereon incurred in defending itself from liability under certain surety bonds which it had theretofore executed as surety on behalf of defendant, as principal. The defendant pleaded as a defense the statute of limitation of five years. The cause was submitted to the court without the intervention of a jury, and at the conclusion of the trial the court rendered a judgment in favor of the defendant, sustaining his defense of the statute of limitations.

The plaintiff has commenced this proceeding in error to reverse the judgment of the trial court, and the sole question for our determination is the correctness of the holding of the trial court that the plaintiff's causes of action were barred by the statute of limitation of five years. Concerning which plaintiff's counsel say in their brief:

"The right of the plaintiff to compel payment had expired by limitation unless the statute had been tolled by the language of the defendant in a letter written to the plaintiff under date of May 14, 1917, which letter the plaintiff contended was a written acknowledgment of an existing liability to reimburse the plaintiff for money paid out by him in expenses in bond suits on his account. The defendant opposed this contention, urging that the language used was not such as admitted an existing liability, and relied solely upon this proposition, not denying that at one time the debt existed and in the sum sued for."

The statute relied on by the plaintiff is section 4663, Rev. Laws 1910, which is as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

This statute has frequently been construed by this court and the Supreme Court of Kansas, from which state such statute was borrowed, and in a late decision of this court in the case of Olatmanns v. Glenn et al., 78 Okla. 70, 188 Pac. 886, this court in an elaborate opinion by Bailey, J., after reviewing the former decisions of this court and the Supreme Court of Kansas, stated as follows:

"This identical statute was in force in the state of Kansas for a long time prior to its adoption by this state, and the courts of Kansas have uniformly held: That such provision of the Code 'provides three ways by which an action on the contract after it has become barred as well as before may be taken out of the operation of the statute: First, by payment of a part of the principal or interest. Second, by an acknowledgment in writing, of an existing liability, debt, or claim signed by the party to be charged. Third, by a promise of payment in writing signed by the party to be charged—and it is sufficient that one of these conditions shall exist.' Elder v. Dyer, 26 Kan. 604.

"Statutes of the character and nature hereinbefore quoted have been a most fruitful source of doubt and discussion and conflicting decisions. Our statute, however, being identical with the Kansas statute and adopted from the state of Kansas, the Supreme Court of that state having had occasion in numerous decisions, both prior and subsequent to its adoption, to construe and apply the terms and provisions of the statute, we feel warranted in making application of the statute to the facts in the instant case under the rules as announced by that court. In Hanson v. Towle, as Adm'r, 19 Kan. 273, Justice Brewer, speaking for the court held: 'A mere reference to the indebtedness, although consistent with its validity and implying no disposition to question such validity, or a mere suggestion of some action concerning it, is not such an acknowledgment as is contemplated as sufficient to suspend the running of the statute of limitation. There must be an unqualified and direct admission of a present subsisting debt on which the party is liable, and which he is willing to pay.' "

The letter of the defendant which the plaintiff relies upon as tolling the statute, is as follows:

"Whiteagle, Okla., May 14th, 1917.
"The American Surety Company,
"Oklahoma City, Oklahoma.
"Gentlemen:
"I have your letter of the 7th relating further to the sum of $615.00 paid out by you in, expenses in bond suits on my accounts. You wish to know, if was able, whether or not I would pay this sum. Yes, I would pay it, gladly, and the sums lost by all others in that most unfortunate affair. However, I am 47 years of age, a family to support, children to educate, and I see little in the future to warrant the hope that I will ever be able to do it.

"As I remember it, you have little, if any, knowledge of my side of the controversy, and I shall not weary you with its rehearsal. Suffice it to say that some exceptionally fine and astute gentlemen who made critical examinations of my business and all other facts at that time, were by such examination made into my best friends. I will mention Mr. Horace Speed, Mr. D. T. Flynn and Mr. F. E. Lamb, special inspector for the U. S. F. & G. Company. Mr. Speed and Mr Flynn made several visits to my place of business and to my home, and by critical examination of all my mercantile books and records, and my guardianship business, thoroughly satisfied themselves of my honesty, fairness and square dealing. From that time forward they fought my fight as if it was their own. Mr. Flynn made a trip to Washington and received promises which were never fulfilled. They had nothing but words of condemnation for the Indian Department for its policy in this matter.
"Yours truly,
"R. S. Steele."

A careful examination of this letter convinces us that the judgment of the trial court, holding, in effect, that the same did not toll the statute of limitation, was correct, the rule being that:

"There must be an unqualified and direct admission of a present subsisting debt on which the party is liable, and which he is willing to pay."

Or, as was said by the Supreme Court of the United States in the case of Ft. Scott v. Hickman, 112 U. S. 163, 28 L. Ed. 636, construing the Kansas statute:

"An acknowledgment cannot be regarded as an admission of indebtedness, where the accompanying circumstances are such as to repel that inference or leave it in doubt whether the party intended to prolong the time of legal limitation."

After reviewing this case, and quoting the rule announced, Mr. Justice Bailey, in the case, supra, said:

"Applying the rule announced in the foregoing cases, it appears that something more than expressions of a desire or purpose to liquidate an indebtedness to another is nec-

essary to toll the statute of limitations. There must be such an acknowledgment of a then existing indebtedness as amounts to a distinct, direct, and unequivocal admission. Tested by this rule, we do not think the letters submitted are sufficient to toll the statute or to remove the bar of the statute of limitations."

We think the instant case comes within the rule announced. The judgment of the trial court is therefore affirmed.

PITCHFORD, V. C. J., and KANE, ELTING, and NICHOLSON, JJ., concur.