No. 28,454.

PHILIP COSANDIER, as an Individual, and as Executor of the Estate of Paul Cosandier, Deceased, *Appellee*, v. ALFRED JUNOD, *Appellant*.

(274 Pac. 276.)

Opinion filed February 9, 1929.

*W. J. Gregg,* of Frankfort, for the appellant.

*C. A. Leinbach,* of Onaga, and *George I. Craven,* of Lincoln, Neb., for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a promissory note. The defense was that the action was barred by the statute of limitations. Plaintiffs contended the bar was removed by an acknowledgment in writing. Plaintiffs prevailed, and defendant appeals.

The note was given by Alfred Junod to Philip Cosandier and Paul Cosandier. Paul died and Philip was appointed executor of his will. The plaintiffs were Philip Cosandier, and Philip Cosandier as executor. The defendant was the maker of the note. Authorized attorneys for plaintiffs wrote a letter to defendant describing the note and requesting payment. Defendant asked that the note be sent to a bank in Onaga for his inspection. Philip Cosandier resided in Onaga, the note was sent to him, for inspection by defendant, and defendant was notified. Not hearing from defendant, the attorneys wrote a letter to him urging prompt action. Defendant replied by the following letter:

"In reply to your letter of the 26th, will say that it is impossible for me to pay the note to Paul and Philip Cosandier at this time. I would like to know what you can do for me. I need more time on this, and would like to have the note renewed at least until some time this fall, say about January 1."

The petition pleaded the correspondence. Defendant demurred. The demurrer was overruled, defendant stood on the demurrer, and judgment was rendered against him. The statute reads:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same, shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby." (R. S. 60-312.)

In this instance there was no payment or promise to pay which tolled the statute. There is no question here of identity of liability, debt or claim, or mere general or incidental reference to a particular debt, or reference to a debt of the past. It is not necessary to read together several communications in order to make out acknowledgment, or to consider power to make acknowledgment. The quoted letter signed by defendant himself expressly referred to the note to Paul and Philip Cosandier, and decisions turning on solutions of the enumerated questions need not be considered.

The letter said defendant needed more time on the note, which it was impossible for him presently to pay, and asked what plaintiffs could do for him. Unless there were an existing debt, defendant did not need more time, and did not need to have anything done for him. Let it be conceded, for purpose of the decision, the letter as thus far analyzed might be interpreted as a feeler, and did not

commit defendant to acknowledgment of debt. The letter then proceeded, however, to express desire for renewal of.the note until a suggested date, and reading the entire letter, it amounts to this:

"It is impossible for me to pay this note now. I need more time on the note, and I desire to renew it until January 1. What can you do for me?"

It is not necessary to admission which will satisfy the statute that the debtor use the words, "I acknowledge this is an existing debt," or "I am now liable on this note," or "Your claim against me is valid," or any other formula which may be made up from the words of the statute and the words used in the opinions of this court interpreting the statute. All that is necessary is that the debtor manifest "acknowledgment of an existing liability, debt or claim." In the case of *Elder v. Dyer*, 26 Kan. 604, the debtor said: "I do not want to be held longer on the note." The court said the language used was equivalent to "I am now held on the note, and do not wish to be held any longer." (p. 610.) In this instance the debtor said in effect, "I am now liable on this note, and I want time of payment extended to January 1." In the case of *Pracht v. McNee*, 40 Kan. 1, 18 Pac. 925, the debtor said: "I will turn over farmers' notes for the note you hold against me—the Fign note. Let me hear from you." Although the debtor did not say he was liable on the note, and would discharge the liability by turning over farmers' notes, the court said he acknowledged liability on the note. In this instance, instead of proposing a mode of discharge of liability, the debtor requested a needed extension of time in which to pay the note, which was an acknowledgment of existing liability to pay.

The judgment of the district court is affirmed.