### BAKER et al. v. CHRISTY.

No. 23702.    April 23, 1935.

William F. Collins, for plaintiffs in error.

Priest & Belisle, for defendant in error.

PER CURIAM. On January 22, 1931, the plaintiffs in error, hereinafter referred to as plaintiffs, filed in the district court of Oklahoma county, state of Oklahoma, their petition in which they sought to recover a personal judgment against the defendant in error, hereinafter referred to as defendant, on a promissory note.

The following facts are agreed upon: That the note sued on was dated August 12, 1921, with maturity date six months thereafter, or February 12, 1922, on which an interest payment in the sum of $42 was made by defendant on April 12, 1923. The plaintiffs in an attempt to evade the bar of the stat-

ute of limitations attached to their petition two letters; one written August 3, 1926, the other written December 28, 1926, addressed to Heyward K. Baker and signed A. L. Christy. The letters are as follows, to wit:

"Joplin, Missouri, August 3, 1926.
"Mr. Hayward K. Baker,
    "Mack, Colo.

"Dear Friend:

"I received your letter yesterday and was somewhat surprised to find you are located in Colorado and in the cow business, and I sure agree with you that you have some job if you have 500 head.

"In regards to my note, you caught me a little unprepared and a little low on ready cash on account of some deals pending, but I think I will be in position to pay this note soon. You boys have been very kind to me with this proposition and I certainly appreciate it hope I will be able to favor you sometime. I have been working here in Joplin for some time with the Conqueror Trust Co. & like my work very much. Hoping I will be able to favor you soon, I am,

"as ever,
    "A. L. Christy."

"Chicago, December 28, 1926.
"Mr. H. K. Baker,
    "Mack, Colorado.

"Dear Hawood: I received your letter dated November 26th, 1926, about the note in which you stated that you must have it paid by Jan. 1st, 1927. I have tried every way that I could to be in shape to pay this on that date but have failed to realize on my intentions. I have gone in the real estate business here in Joplin with a partner and we have had considerable expense and a slow time in the year to make any money but are getting along nicely now and think that we will be able to make considerable money this summer. I hate it just as bad as possible that I have not been able to take care of this note long before now but it seems that I have had more than my share of bad luck and have never been in position to do anything on this matter. I hate to ask for any more time on this note but as the interest paying date on this note is April 12th, I believe that I will be in position to take it up at that time, with all accrued interest. If it is possible to give me this extension I will greatly appreciate it. Hoping that you can do this for me, I remain.

"Yours very truly,
    "A. L. Christy,

"My address now is 106 West 8th Street."

On the 19th day of February, 1932, there

was filed in this cause the journal entry, which recites among other things the following:

"and it was then agreed between counsel for plaintiffs and counsel for defendant that the only issue in this cause was the question as to whether or not the note sued upon was barred by the statute of limitations and whether or not the letters attached to the petition of the plaintiffs were sufficient to take the said note out of the bar of the statute of limitations. Thereupon, the court heard the argument of counsel and the cause was submitted to the court upon the pleadings, the opening statements of counsel and argument of counsel. * * * The court being fully advised in the premises finds the issues in favor of the defendant and the court finds that the note sued upon at the time of the institution of this suit was barred by the statute of limitations and that the letters attached to the petition of the plaintiffs are insufficient to toll the statute of limitations."

The appeal has been properly lodged in this court by petition in error with case-made attached, and the sole question presented on the appeal necessary for the determination of the cause is whether or not these letters which are attached and made a portion of plaintiffs' petition were sufficient to toll the statute of limitations. Section 101, Okla. Stats. 1931, provides as follows:

"Limitation of Action: Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"First. Within five years: An action upon any contract, agreement or promise in writing."

Section 107, O. S. 1931, provides as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

We have carefully read all of the decisions cited by counsel in their briefs, and have made some independent investigations outside of cited authorities, and while the cases are in seeming conflict, yet we believe that a careful analysis will not disclose any real conflict, but that the decision rests on each individual case. That is to say, in this case, on the wording and phraseology of the letters in question, counsel for the defendant seems to place great reliance on the case of Hanson v. Towle, 19 Kan. 273, for the reason, as they say, and correctly so, that our statute is taken from Kansas. However, the rule laid down in the Hanson v. Towle Case has been greatly modified and has been repudiated not only in the case of Elder v. Dyer, 26 Kan. 604, 40 Am. Rep. 320, but also by the Oklahoma case relied upon by the defendant, Olatmanns v. Glenn, 78 Okla. 70, 188 P. 886, and Andrew v. Kennedy, 4 Okla. 625, 46 P. 485. Justice Bailey says in the Olatmanns Case, supra:

"That part of the quotation as follows, 'which he is willing to pay,' was subsequently, in Elder v. Dyer, supra, disapproved and withdrawn."

And in the Kennedy Case, Justice Bierer, speaking for the court, says this:

"It will be observed that this language of the court (speaking of the Dyer Case) omitted the words 'and which he is willing to pay', as used by Mr. Justice Brewer in Hanson v. Towle, in stating the elements of an acknowledgment of the existence of an obligation; and Justice Brewer, in the Elder v. Dyer Case, took occasion to expressly modify the language used in the case of Hanson v. Towle, and to state that the words 'and which he is willing to pay' did not correctly state the law, and that such a willingness was not an essential part of the admission of an existing liability in order to revive the debt."

As a matter of fact, there are only two Oklahoma cases which come close to the facts in the case at bar. One of those cases, as we view the case, is Andrew v. Kennedy, supra, and the facts in that case show that an attempt was made by parol to show what the debt was. The court said:

"This letter does not in any way refer to either of the notes sued on. * * * It is not necessary for us to determine in this case whether parol testimony can be resorted to prove that a statement made in writing, which acknowledges 'an existing liability', refers to a particular note. If that part of plaintiff's difficulty were overcome, the letter could not be held to be 'an acknowledgment of an existing liability, debt, or claim', for the simple reason that the letter, in no part of it, makes any acknowledgment."

The court, continuing, said:

"The notes had long since been barred

by the statute of limitations. * * * But recognizing and admitting the facts that the notes were a matter of business between them would amount to nothing more than an admission by Andrew that they would be, as they have been, the subject of a lawsuit between them if Kennedy persisted in his demands for a settlement of the notes in full and Andrew continued to refuse payment on those terms. And surely this would not be an acknowledgment that the notes were 'an existing liability', where they were, in fact, no liability at all without a direct or otherwise clear admission of their binding force upon Andrew."

The next Oklahoma case, and the one evidently relied upon by the honorable trial court, is the case of Olatmanns v. Glenn et al., 78 Okla. 70, 188 P. 886. In that case the first letter was written by J. W. Dickey, and he says: "I think I can meet my part about the first of June." And in the other note signed by Glenn, the important part of the note is as follows: "And if I had of been home I did not have the money to pay my part of the note on account of short crops last year." Then he speaks of the dissatisfaction which the horse gave him, and Justice Bailey in his summary as to that says:

"There must be such an acknowledgment of a then existing indebtedness as amounts to a distinct, direct, and unequivocal admission. Tested by this rule, we do not think the letters submitted are sufficient to toll the statute or to remove the bar of the statute of limitations.

"We are not unmindful that numerous decisions may be found which apparently hold contrary to this view, but in the absence of any statement as to any specific amount, and in view of the contention that the author of the letter would be expected to pay only a 'part' and expressions of purpose and desire being made subject to certain circumstances named, we do not think the letters contain such admissions or acknowledgments as meet the requirements of the test and rule as announced in the foregoing decisions."

Now, how different is the wording of the letters in the case at bar. In the letter of August 3, 1926, addressed from Joplin, the important portions are "but think I will be in position to pay this note soon, you boys have been very kind to me with this proposition and I certainly appreciate it hope I will be able to favor you sometime." Then the important part of the letter of December 28, 1926, has this to say, "I received your letter dated November 26, 1926, about the note in which you stated that you must have it paid by January 1, 1927.

I have tried every way that I could to be in shape to pay this on that date. * * *" Continuing, he says, "I hate to ask for any more time on this note but as the interest paying date on this note is April 12th, I believe I will be in position to take it up at that time with all accrued interest." Now where is there any uncertainty about what note they are talking about as in the Kennedy Case? Is there any uncertainty about the amount as in the Glenn Case? No attempt to say there is a failure of consideration. No question about determining the amount of the note or his part of the note. He even knows the due date and that the interest was due at a certain time, and at the time he wrote this letter, even the last letter, the note had not been barred by lapse of time and would not so become barred until April 11, 1928, because payment of $42 was made on April 12, 1923, and that is a distinction from the Kennedy Case. This payment is alleged in the petition which is verified, and it is not denied, except generally, and that is not verified. So, at the time these letters were written there was a valid existing debt upon which the maker was liable, and the statute does not require both the acknowledgment and an expression of the willingness to pay. Either one alone is sufficient. The statute says "either or." In Kansas the statute expressly states that existence of one of these requirements is sufficient, but our Legislature says "acknowledgment of an existing liability, debt or claim or any promise to pay the same." St. 1931, sec. 107.

Now, certainly these letters acknowledge an existing liability. Another fact which influences this court to some extent is that this law was not made for lawyers. It was made to govern the action of laymen. A lawyer would probably, but most of them do not, be more definite, and fix the amount and the date of the note and say he hereby makes acknowledgment that he owes this debt, but this law was made for laymen, and a man who writes a letter as this man has written, we are satisfied, was convinced at the time he wrote the letter that he was acknowledging the debt. He had no other thought in his mind. The courts should encourage a debtor paying his obligations and should not permit him to write a letter like this, lull his creditor into a feeling of false security, tell him that he hates to ask for any more time on this note, but as the interest-paying date is April 12th, that he believes he will be in position to take it up, then when the

creditor takes him at his word, trusts him, and does not file suit immediately, accommodates and extends him the time which he asks, and when suit is instituted permit him to come into court and defeat recovery on a plea of the statute of limitations.

We do not believe that is the law of the land, and have found no such authority.

In the case of Cosandier et al. v. Junod, 127 Kan. 525, 274 P. 276, a fairly recent case, Justice Burch, for the court, says:

"The letter said defendant needed more time on the note, which it was impossible for him presently to pay, and asked what plaintiffs could do for him. Unless there were an existing debt, defendant did not need more time, and did not need to have anything done for him. Let it be conceded, for purpose of the decision, the letter, as thus far analyzed, might be interpreted as a feeler, and did not commit defendant to acknowledgment of debt. The letter then proceeded, however, to express desire for renewal of the note until a suggested date, and reading the entire letter, it amounts to this: 'It is impossible for me to pay this note now. I need more time on the note, and I desire to renew it until January 1. What can you do for me?'

"It is not necessary to admission, which will satisfy the statute, that the debtor use the words, 'I acknowledge this is an existing debt,' or 'I am now liable on this note,' or 'Your claim against me is valid,' or any other formula which may be made up from the words of the statute and the words used in the opinions of this court interpreting the statute. All that is necessary is that the debtor manifest 'acknowledgment of an existing liability, debt or claim.' In the case of Elder v. Dyer, 26 Kan. 604, 40 Am. Rep. 320, the debtor said: 'I do not want to be held longer on that note. * * *' In this instance, the debtor said, in effect: 'I am now liable on this note, and I want time of payment extended to January 1'."

And another Kansas case, Hottell v. Kemp, 31 P. (2d) 64, which was decided on April 7, 1934, approved the holding of the court in the Consandier Case, supra. The court in this case has this to say with reference to the correspondence being between laymen, which has been referred to in this opinion above:

"In view of the fact that in correspondence between parties not versed in the law there is bound to be used language which differs in many particulars from that which has heretofore received the attention of this court, no attempt is made here to do more than show the principle which has guided the court in deciding former cases,

and to set forth the definitions the court has heretofore given."

Therefore, the judgment of the trial court is reversed, and the cause remanded, with directions to proceed in accordance with this opinion.

The Supreme Court acknowledges the aid of Attorneys R. M. Mountcastle and Ferd P. Snyder in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Mountcastle, and approved by Mr. Snyder, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and WELCH, PHELPS, CORN, and GIBSON, JJ., concur.