### NOBLE v. BODOVITZ et al.

No. 25012.   Dec. 10, 1935.

Rehearing Denied Jan. 7, 1936.

Johnson, McGill & Johnson, for plaintiff in error.

Sigler & Jackson, for defendants in error.

WELCH, J. This is an appeal from the district court of Carter county. The parties occupy the same relative position which they occupied in the trial court, and will be referred to herein as plaintiff and defendants, as they appeared in the court below.

The plaintiff's action was to foreclose a real estate mortgage securing the payment of four notes, each in the sum of $3,000 made and executed by the defendants on April 9, 1920, one of said notes having been paid. No personal or money judgment was sought. The cause was tried to the court and jury, resulting in a general verdict and judgment in favor of the defendants.

The defense was the statute of limitation. It is conceded that the notes were barred by the statute, unless the bar of the statute of limitations was saved by certain interest payments which plaintiff alleged to have been made upon the notes on November 21, 1925, or unless the defendants did on February 21, 1927, acknowledge the debt in writing.

The first proposition presented by the plaintiff is to the effect that the action was purely of an equitable nature, and that no jury was necessary in the trial of the cause. This proposition is advanced in order to sustain the second proposition to the effect that the cause here must be determined under the rules applying in cases of an equitable nature as distinguished from an action in the nature of a law action.

The defendants in their brief tacitly agree that the cause is purely of an equitable nature, and so it is and must be so treated.

We come to plaintiff's second proposition to the effect that:

"The weight of the evidence supports the plaintiff's action and judgment should be rendered in her favor on all the issues in the case."

This proposition directs our attention to the evidence relating to the controverted question whether or not certain interest payments were made on the notes involved on November 21, 1925. A guiding rule is well stated in paragraph 1 of the syllabus in Myers et al. v. Hamlin et al., 145 Okla. 59, 291 P. 524, as follows:

"In an equitable action the presumption is in favor of the finding of the trial court, and it will not be set aside unless the same is against the clear weight of the evidence; and, where the finding of the trial court is general, such finding is a finding of each special thing necessary to sustain the general judgment."

And it was held in Youngblood v. Magnolia Petroleum Co., 35 Fed. (2d) 578, that:

"In an equity case, the judgment of an appellate court * * * should not lightly displace the judgment of the trial court, who has had the advantage of observing the witnesses upon the stand."

The undisputed facts are that on November 21, 1925, the defendants owed plaintiff a note for $3,500 other than the ones here involved, which was then due; that on said date the defendants gave plaintiff their check in the sum of $2,000 to be applied in part payment of indebtedness owing to plaintiff. The plaintiff testifies that she was not present when the check was delivered, and a short time thereafter called the defendant who delivered the check, by telephone, and asked him for instructions as to which note or notes the check should be applied upon; that the defendant informed her that he desired that such portion of the payment as was necessary be applied toward the payment of the interest on the three notes sued upon here, the balance to be applied upon principal and interest due upon the $3,500 note, which is not here involved. She testified further that a few days after that she asked the same question of defendant when she met him on the street, and received the same instructions. She is partially corroborated in this testimony by her sister, who says she heard the telephone conversation and was present and heard the conversation on the street. The plaintiff in her income tax report to the federal gov-

ernment filed in 1926, reported the receipt of three items each of $87.50 as interest on the notes here involved. She also introduced in evidence certain books and records, together with the notes herein involved, which tend to corrobobate her testimony.

The defendant testifies that he delivered the $2,000 to the plaintiff personally, and instructed her to credit the entire amount upon the $3,500 note; that the plaintiff did then, and in his presence indorse credit upon the back of the $3,500 note of the full amount of $2,000. He denied all of that part of plaintiff's testimony relating to the telephone conversation and the conversation which she said she had with him on the street. The three notes sued upon and the $3,500 note were introduced in evidence. Each of the notes sued upon had indorsed in pencil upon the back thereof a credit of $87.50 under date of November 21, 1925. The $3,500 note had indorsed upon the back thereof in ink a credit of $1,635.50 as payment on principal and $102 as interest paid under date of November 21, 1925. The defendant introduced a witness who qualified as a handwriting expert, who testified that the $3,500 note showed signs of an erasure on the back at the point where the credit was given; that the date of the credit and the figures $1,635.50 appeared to have been made with different colored ink; that he was not certain, but that the erasures would indicate to him that there had formerly been written figures appearing to have been a two and three naughts. Other witnesses were introduced as handwriting experts who said that they were unable to detect sign of erasures. The defendant testified that the plaintiff kept his account on the first page of her account book, which was introduced in evidence, and that he had observed entries therein corroborating his testimony. The first seven pages of the account book had been removed therefrom, and defendant's account was therefore not on the first page of the book. Plaintiff testified that his original account had not been removed from the book, but that only other items not herein involved had been removed therefrom.

It is observed that the evidence is in sharp conflict on the material points involved; if the plaintiff's testimony is true, unquestionably she should prevail upon the point; upon the other hand, if the defendants' testimony is true, then they should prevail. Applying the above rules to this testimony, we cannot sustain the plaintiff's proposition. The defendants' testimony is

plausible and we find nothing therein to justify us in saying as a matter of law that the same is not worthy of belief. The contention of defendants that no interest payments were made on these notes is amply supported by the evidence. The trial judge had the advantage of observing the witnesses and he believed the defendants' version. We, therefore, conclude that the judgment of the trial court in this respect is not against the clear weight of the evidence.

The plaintiff next contends that the court erred in its refusal to allow the admission in evidence of a warranty deed executed by the defendants to third parties on the 21st day of February, 1927, conveying the land in question.

At the end of the general warranty clause therein appeared the following, "except subject to encumbrances of record which are not assumed by grantees."

It is plaintiff's contention that this written instrument duly signed by the defendants is a sufficient acknowledgment or promise in writing within the provisions of section 107, O. S. 1931, to take the cause out of the bar of the statute of limitations.

This section of our statute on the question of a written acknowledgment of a debt has received consideration of this court in the cases of Olatmanns v. Glenn, 78 Okla. 70, 188 P. 886, and American Surety Co. of New York v. Steele, 84 Ok'a. 166, 203 P. 1043. The court in the Olatmanns Case, supra, held in syllabus 2 thereof as follows:

"A general reference to an indebtedness of the author contained in a letter addressed to attorneys for creditor, and expressions in such letter of a desire or purpose to raise and pay money to one who was the holder of an obligation, are not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient, such acknowledgment must be a direct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable."

It is clear from these two cases that the acknowledgment must be a direct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable. Our examination of the quoted clause contained in the deed convinces us that the same falls far short of this requirement. The effect of this clause is to save the grantee in the deed from assuming the payment of any possible debts which might be represented by encumbrances of record. We think it can be said that this

statement indicates knowledge on the part of the grantors, and probable knowledge on the part of the grantees, that there was some encumbrance or encumbrances of record, but there is nothing therein contained from which it might be said that there is an acknowledgment of an existence of this debt or any specific debt, or of the existence of any valid encumbrance for that matter. The statement is just as consistent with the position which might have been then taken by the grantors that they owed no debt.

We grant that the clause here indicates that the grantors knew of the existence of an encumbrance of record, and it may be said that they knew that such encumbrance was the mortgage securing the debt sued upon in this cause. We cannot discover, however, from the language used and the circumstances here shown that the grantors admitted thereby that they owed any valid indebtedness.

The plaintiff calls our attention to the text found in 37 C. J. 1134, sec. 611, to the following effect:

"The statute is interrupted by the recognition in a subsequent mortgage of a debt secured by a prior mortgage and such interruption will operate against a subsequent grantee who has notice of the mortgage, although he may not have any notice of the interruption, and the rule applies to a grantee who assumes the first mortgage debt and acknowledges its existence in a second mortgage, or who accepts a deed reciting payment of interest up to the date thereof, and who assumes payment of the mortgage debt, or who accepts a deed reciting that it is subject to a mortgage, although it has been held that the acknowledgment is not sufficient if not made to the mortgagee or to a mortgagor's grantee with knowledge on his part of the existence of the mortgage."

And directs our attention to a number of authorities supporting the rule that a reference in a deed or mortgage to the debt involved is in many cases construed as an acknowledgment of the debt in writing, in sufficient compliance with statutes similar to ours here under consideration. We observe, however, that in most of the cases the grantee either expressly assumed payment of the debt in the instrument, or the circumstances are such as to leave no other conclusion than that the debt was admitted or acknowledged by the signers of the instrument. The facts here do not bring this case within such rule or doctrine.

The last contention of the plaintiff is that the court erred in improperly instructing the jury, and in failing to give certain requested instructions. She concedes that it is not necessary to consider this proposition if the cause is treated as one of an equitable nature and as a nonjury case. We will therefore give the same no consideration.

The judgment is affirmed.

McNEILL, C. J., OSBORN, V. C. J., and PHELPS and CORN, JJ., concur.