## MARKOVITCH v. McGOWAN et al.

No. 28347.　July 5, 1938.

W. S. Agent and W. L. Curtis, for plaintiff in error.

R. O. Ingle, T. B. Westmoreland, and Amelia Patterson, for defendants in error.

RILEY, J. This is an action by Mrs. Julia Markovitch against the administrator of the estate of A. E. McGowan, and his heirs for judgment on a note executed by A. E. McGowan, deceased, and to foreclose a mortgage securing the same. The parties will hereinafter be referred to as plaintiff and defendants, in the order in which they appeared below.

Plaintiff filed her petition May 15, 1937, containing the usual allegations in a suit on a note and for foreclosure of a mortgage securing the same. It was alleged the note in the principal sum of $1,000 was due May 1, 1932.

Defendants' demurrer to the petition was sustained for the reason the petition showed upon its face that the cause was barred by the statute of limitations.

Thereafter plaintiff filed an amended petition with exhibit 1-A attached thereto, as follows:

> "Sallisaw State Bank
> "Sallisaw, Oklahoma
> "May 5, 1932.

"Miners State Bank,
　"Frontenac, Kansas.

"Gentlemen:

"Mr. A. E. McGowan has asked us to write you relative to your letter of May 2nd, in

which you call his attention to the fact that his mortgage for $1000.00, was due May 1st.

"Mr. McGowan is not able to finance this, and states that it will be absolutely impossible for him to pay this amount at this time. He is willing to keep the interest paid, at the rate of 6% with the view of taking care of the principal when he can do so, and would be glad for you to write him about it.

"Yours very truly,
"H. E. McDonald
"Cashier."

"The Miners' State Bank
"Capital and Surplus $30,000.00.
"Member American Bankers' Association.
"Antone Menghini, President
"Mike Papesh, Vice-President
"Frank Robinson, Cashier
"Philip Vessadini, Ass't Cashier.
"Frontenac, Kansas,
"May 12, 1932.
"A. E McGowin
"Sallisaw, Okla.
"A. E. McGowin Loan, $1000
"Due May 1, 1932.

"Dear Sir:

"We received a letter from cashier McDonald, advising you cannot at this time finance your loan, I have seen Mrs. Julia Markovitch who is the owner of your mortgage and she is disposed to carry the loan for another year 6% interest prefers semi annual interest perhaps by that time you can make a Govt. Loan or elsewhere, and in the event times are no better next year than this year I have no doubt she will repeat, it is not necessary to make any new papers.

"Resp.
"Philip Vessadini,
"Cashr."

Defendants again demurred, and the demurrer was sustained for the reason that the amended petition on its face showed that the cause of action was barred by the statute of limitations, and for the further reason that exhibit 1-A was insufficient to toll the statute of limitations.

Thereafter plaintiff filed her second amended petition wherein was set forth the letters contained in exhibit 1-A above and in addition thereto set forth the following letters:

"Dec. 28, 1935.
"To the Miners State Bank of
"Frontenac, Kansas.

"Rec. yours of a few days ago. I am sick under care of Dr. the weather is such I cant go out to town just now. Hope you will excuse my delay in not writing sooner. Will say to you I will always feel grateful to the lady that holds the mortgage. So please have patience with me a few days until I can go to town.

"A. E. McGowan.
"Sallisaw, Okla."

"March 17, 1936.
"A. E. McGowan
"Sallisaw, Okla.

"Dear Sir:

"On December 28, 1935, you replied to letter of December 20th, stating that you wanted extension of a few days of real estate mortgage, held by Mrs. Markovitz $1000.-00.

"Mrs. Markovitz is desperately in need of money at this time and would appreciate your making effort to retire same.

"Trusting we may have your prompt reply in this matter, I am

"Yours very truly,
"Philip Vessadini, Cashier."

Defendants' demurrer to the second amended petition was also sustained on the same grounds that were given when the demurrer to the amended petition was sustained.

The plaintiff elected to stand upon her petition, and for reversal of the trial court's order urges the single proposition that the court erred in finding the letters and actions of the parties, as alleged in the second amended petition, did not extend the time of payment and toll the running of the statute of limitations.

By the letter of May 5, 1932, A. E. McGowan set forth that the amount of the debt was $1,000; that it was due May 1st; that he was unable to pay it; and that he desired an extension until some future date with interest reduced to 6 per cent. instead of 10 per cent. as called for by the note. This was a sufficient acknowledgment to meet the requirements of section 107, O. S. 1931, which provides as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

In Baker v. Christy, 172 Okla. 32, 44 P.2d 16, it was stated:

"Now, certainly these letters acknowledge an existing liability. Another fact which influences this court to some extent is that

this law was not made for lawyers. It was made to govern the action of laymen. A lawyer would probably, but most of them do not, be more definite, and fix the amount and the date of the note and say he hereby makes acknowledgment that he owes this debt, but this law was made for laymen, and a man who writes a letter as this man has written, we are satisfied, was convinced at the time he wrote the letter that he was acknowledging the debt. He had no other thought in his mind."

While we might agree with defendants' contention that the letter of December 28, 1935, is not sufficiently definite in and of itself to constitute an acknowledgment as required by section 107, supra, this letter is one of a series of letters exchanged by the plaintiff and the deceased debtor concerning the payment of this note. There can be little question that A. E. McGowan, on December 28, 1935, was referring to the note which he acknowledged by letter dated May 5, 1932. Though the facts in the case of Baker v. Christy, supra, are not identical with those herein, they are sufficiently so to warrant application of the following language:

"The courts should encourage a debtor paying his obligations and should not permit him to write a letter like this, lull his creditor into a feeling of false security, tell him that he hates to ask for any more time on this note, but as the interest paying date is April 12th, that he believes he will be in position to take it up, then when the creditor takes him at his word, trusts him, and does not file suit immediately, accommodates and extends him the time which he asks and when suit is instituted permit him to come into court and defeat recovery on a plea of the statute of limitations.

"We do not believe that is the law of the land, and have found no such authority."

Where, as here, a debtor writes a letter acknowledging a note, and in subsequent letters obviously refers to the same note and requests an extension thereof, though not in such definite terms as standing alone would constitute an acknowledgment, the letters should be construed together as constituting an acknowledgment of the note as of the date of the last letter.

The order of the trial court sustaining the demurrer to plaintiff's second amended petition is reversed, and the cause is remanded for further proceedings.

BAYLESS, V. C. J., and WELCH, CORN, and HURST, JJ., concur.