VERNON NAT. FARM LOAN ASS'N v. HELF.

No. 30531. Sept. 29, 1942.

*129 P. 2d 845.*

R. L. Christian, of Frederick, for plaintiff in error.

Roe & Roe, of Frederick, for defendant in error.

PER CURIAM. This action was instituted on August 23, 1939, by plaintiff in error, hereinafter referred to as plaintiff, against defendant in error, hereinafter referred to as defendant, to recover on a promissory note which had been executed by the said defendant on January 17, 1933, and which, by its terms, became due and payable on July 21, 1933. Demurrer to the second amended petition as amended was sustained and judgment entered for the defendant, and plaintiff appeals.

It is conceded that the action was barred by the statute of limitations unless a certain check alleged to have been given by the defendant on September 27, 1934, constitutes an acknowledgment which interrupted the bar of the statute and started it running anew; or, unless certain matters pleaded created an estoppel which would preclude the defendant interposing the bar of the statute as a defense to the action.

In said second amended petition plaintiff alleged, in substance, that the parties had numerous dealings, and as a result thereof defendant had become indebted to the plaintiff for certain interest, abstract, and other charges for which he had given the note upon which this action was predicated, and that on September 27, 1934, defendant had executed and delivered to the plaintiff a check, payment on which had subsequently been stopped and which had never been paid, but which plaintiff alleged constituted an acknowledgment of the indebtedness and as such had interrupted the statute of limitations and started it running anew, and that if it had not, then defendant, by repeated oral promises to pay the debt and pleas for additional time in which to do so, had created an estoppel which should preclude the defendant from interposing the bar of the statute of limitations as a shield in the present action. The check, a copy of which was attached to said second amended petition, had nothing thereon which would explain its purpose. The plaintiff alleged that it

had been given and accepted, subject to payment, in satisfaction of the indebtedness represented by the note here in controversy and other indebtedness due from the defendant to the plaintiff.

The issues submitted for our decision are whether a check given under such circumstances constitutes an acknowledgment of the indebtedness sufficient to toll the statute of limitations, and whether the alleged acts of the defendant were sufficient to estop him from pleading the bar of the statute of limitations. We will consider the above matters in their order.

12 O. S. 1941 § 101 provides as follows:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

As said in Olatmanns v. Glenn, 78 Okla. 70, 188 P. 886:

"This identical statute was in force in the state of Kansas for a long time prior to its adoption by this state, and the courts of Kansas have uniformly held:

"That such provision of the Code 'provides three ways by which an action on the contract after it has become barred as well as before may be taken out of the operation of the statute: First, by payment of a part of the principal or interest. Second, by an acknowledgment in writing of an existing liability, debt, or claim signed by the party to be charged. Third, by a promise of payment in writing signed by the party to be charged, and it is sufficient that one of these conditions shall exist.' Elder v. Dyer, 26 Kan. 604."

It is settled doctrine in this jurisdiction that the acknowledgment required by statute, supra, need not be in any particular form (Baker v. Christy, 172 Okla. 32, 44 P. 2d 16; Searles v. Gon-

zalez, 191 Cal. 426, 216 P. 1003, 28 A. L. R. 78); and may be gathered from several writings between the parties with reference to the subject matter and which are so connected with each other that they may fairly be said to constitute one paper relating to the contract. Baker v. Christy, supra; Markovitch v. McGowan, 183 Okla. 272, 81 P. 2d 311; Ryan v. United States, 136 U. S. 68, 34 L. Ed. 447, 10 S. Ct. 913. A memorandum, however, must express the essential elements of the contract with reasonable certainty so that it constitutes a direct and unequivocal admission of a present debt for which the party signing the admission is liable. Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046; American Surety Co. of N. Y. v. Steele, 84 Okla. 166, 203 P. 1043; Olatmanns v. Glenn, supra.

The check pleaded by plaintiff neither contained any indication of what it was given for nor was it mentioned in any writings between the parties which made reference thereto or connected it in any manner. Therefore, it is apparent that, measured by the rule announced in the above cases, the check must be held to be insufficient to constitute an acknowledgment such as required by the statute, supra. The general rule in such case is stated in 37 C. J. page 1127, as follows:

"The debtor's check or his deed of land, neither containing any reference to the debt in controversy, is not a written acknowledgment thereof. Execution of a note shown by parol to have been for unpaid interest on a prior note is not such a written admission of the debt evidenced by the prior note as will revive the right of action thereon and bar limitations. Separate insufficient acknowledgments made on separate dates cannot be taken together to make a good acknowledgment, although an insufficient acknowledgment may be used to identify the debt mentioned in an acknowledgment otherwise sufficient."

The reason for the rule becomes apparent when it is considered that the memorandum tolling the statute has the effect of removing the bar to the remedy but is not a part of the cause of action (York v. Long, 186 Okla. 643, 99 P. 2d 1041), and hence must affirmatively and independently meet the requirements of the statute, supra, in order to be available in an action brought on the original obligation; if the rule were otherwise, the requirement of the statute that the acknowledgment of the debt must be in writing would become meaningless and proof of renewal or promise to pay could be made by parol testimony and thus accomplish the very thing which the statute was designed to prevent.

The plaintiff discusses very briefly its plea of estoppel. This plea, as pointed out above, was based upon certain oral promises of payment and certain oral pleas for extension of time in which to make payments and the reliance of plaintiff thereon and consquent failure to bring action to enforce the payment of the note. This is an attempt to do indirectly that which the statute, supra, expressly declares is not permissible. We are of the opinion that this plea is wholly without merit and is unsupported by any authority. The trial court did not err in sustaining the demurrer to the second amended petition as amended.

Judgment affirmed.

OSBORN, BAYLESS, GIBSON, DAVISON, and ARNOLD, JJ., concur. HURST, J., concurs in conclusion. WELCH, C. J., CORN, V. C. J., and RILEY, J., absent.