STONE v. SMOOT et ux.

No. 30623. Nov. 24, 1942.

*131 P. 2d 85.*

Twyford & Smith, of Oklahoma City, F. R. Blosser, of Cheyenne, and William J. Crowe, of Oklahoma City, for plaintiff in error.

T. L. Turner, of Cheyenne, and Melrose Minton, of Sayre, for defendants in error.

HURST, J. Plaintiff, L. L. Stone, sued to recover on promissory notes executed by defendants, W. T. Smoot and Edna L. Smoot, husband and wife, and to foreclose a mortgage given to secure the notes on land belonging to defendants. Defendants demurred on the ground that the petition showed on its face that the action was barred by the statute of· limitations. The trial court sustained the demurrer, plaintiff elected to stand on the amended petition, and the trial court dismissed the action. Plaintiff appeals.

The amended petition recites that the notes and mortgage were executed by defendants on August 21, 1928, and that the indebtedness secured thereby was a part of the purchase price of the land described in the mortgage, which had been sold and conveyed by plaintiff to defendant W. T. Smoot. It set forth a letter dated August 5, 1935, which it alleges was written and signed by the defendant W. T. Smoot, acting for himself and as agent for Edna L. Smoot, to Solon W. Smith, who is alleged to be the agent and attorney of plaintiff. The letter follows:

"In regard to signing the extension agreement on the Stone land, I have decided that I will just pay off the loan as soon as Mr. Stone gets the title straightened and gives me the credit for the taxes as was my understanding.

"In case that Mr. Stone does not defend the title I will be compelled to do so myself and charge it to him.

"I would like to know at once which way he will want to handle this matter."

1. The first question presented is whether the above letter is a sufficient "acknowledgment of an existing liability, debt, or claim," under 12 O. S. 1941 § 101, to toll the operation of the statute of limitations. The action was filed April 19, 1940, within five years from the date of the letter.

The plaintiff cites and relies upon Markovitch v. McGowan, 183 Okla. 272, 81 P. 2d 311; Baker v. Christy, 172 Okla. 32, 44 P. 2d 16; American Surety Co. of New York v. Steele, 84 Okla. 166, 203 P. 1043, and various decisions from other jurisdictions. Defendants rely upon some of the same cases, and upon Noble v. Bodovitz, 175 Okla. 432, 52 P. 2d 1046, and Olatmanns v. Glenn, 78 Okla. 70, 188 P. 886.

The rule to be applied in testing the sufficiency of written acknowledgments of debt to toll the statute of limitations is that "all that is necessary to satisfy the statute is for the debtor to manifest in writing an acknowledgment of the existing liability, debt, or claim, and no particular form is necessary." Baker v. Christy, above. This is also the general rule. See 37 C. J. 1107; 17 R. C. L.

889; 34 Am. Jur. 240; Wood on Limitations (4th Ed.) §§ 64, 95c (2). Neither the amount of the debt nor its exact nature need be definitely stated. Wood on Limitations, vol. 1, p. 372.

When the decisions of this court above cited, and the cases referred to in Baker v. Christy, above, are examined, it will be seen that the letters upon which they are based definitely do or do not come within the rule announced above. While in most of those cases the letters were written before the debts were barred by the statute, the rule applies also where the debt is already barred. American Surety Co. v. Steele, above. Such was the construction given the statute in Kansas prior to its adoption in Oklahoma. Elder v. Dyer, 26 Kan. 604, 40 Am. Rep. 320. And a letter, otherwise sufficient, written to the agent or attorney of the creditor, operates to toll the statute. Olatmanns v. Glenn, above. The statute was written to govern the action of laymen, and, in passing upon the sufficiency of an acknowledgment of debt thereunder, the courts should not require the definiteness of statement which would be expected where the acknowledgment is written by a lawyer. Baker v. Christy, above. In the instant case the letter was written by a layman, and when so considered, we think it clearly carries an admission that the writer is indebted to Stone on a note or notes secured by a mortgage on land purchased from Stone. The reference to an extension agreement on the Stone land, considered with the statement that the writer will pay the loan, would ordinarily be taken to refer to a real estate mortgage. The reference to Stone's obligation to straighten the title, and that if he did not do so the writer would be compelled to defend it and charge it to him, indicates that the land was purchased from Stone, and that by covenants of warranty, or some agreement between the writer and Stone, the latter was to clear up or defend the title thereto. The reference to a credit for taxes paid is also indicative of the purchase of the land from Stone. When these statements are considered from the viewpoint of lay-men, the conclusion above stated is reasonably apparent. The acknowledgment is not required to be expressly stated, but language from which it may be fairly inferred is all that is necessary. Baker v. Christy, above; 34 Am. Jur. 238; Wood on Limitations (4th Ed.) vol. 1, p. 488.

Defendants contend that the statement in the letter that the writer will pay the loan "as soon as Mr. Stone gets the title straightened and gives me the credit for taxes as was my understanding" makes the acknowledgment conditional, citing McKennon v. McKennon, 104 Okla. 228, 231 P. 91. We do not agree. A conditional acknowledgment is one to which the debtor annexes a condition which must be performed by the creditor before it becomes in fact an admission. 37 C. J. 1118; 17 R. C. L. 902; 34 Am. Jur. 243; Wood on Limitations (4th Ed.) vol. 1, p. 407. We think this rule contemplates the imposing of new conditions upon the creditor, which he must perform or comply with before the debtor will waive the bar of the statute. See Golden Rule Oil Co. v. Liebst, 153 Kan. 123, 109 P. 2d 95. In the instant case it clearly appears that the recited conditions attached to the debt at the time it was made, so that if they had not been referred to in the letter, Smoot would have been entitled to performance thereof. Our decision is based on the acknowledgment feature, not the promise, contained in the letter.

2. Defendant also calls attention to the fact that the letter was not signed by Edna L. Smoot. But the petition avers that W. T. Smoot acted as her agent in writing the letter, and on demurrer to the petition the averment will be taken as true. Crews v. Garber, 188 Okla. 570, 111 P. 2d 1060.

Reversed, with directions to overrule the demurrer and to proceed in accordance with the views herein expressed.

WELCH, C. J., CORN, V. C. J., and GIBSON, DAVISON, and ARNOLD, JJ., concur. RILEY, OSBORN, and BAYLESS, JJ., absent.