George R. McDANNOLD and Michigan National Bank, (Assignee of Dorothy Kolb, Personal Representative of the Estate of William R. Kolb, Deceased), Appellees,

v.

Bill McCOY and Barbara McCoy, Appellants.

No. 77854.

Court of Appeals of Oklahoma, Division No. 1.

Nov. 3, 1992.

Rehearing Denied Jan. 12, 1993.

**13.** Smith, 680 P.2d at 367.

Bill McCoy, pro se.

Richard L. Farris, Oklahoma City, for appellee, Michigan Nat. Bank.

## MEMORANDUM OPINION

JONES, Judge:

On November 3, 1983, Bill and Barbara McCoy executed a promissory note to George McDannold and William R. Kolb in the amount of $40,000.00, with interest at the rate of 20 percent (20%) per annum. The note was due and payable February 3, 1984. This action was instituted to recover the amount due on the note. The Appellants (McCoys) admit they have failed and refused to pay the note. Appellants answered the petition pleading the statute of limitations as a defense and sought summary judgment in their behalf for that reason. Appellees also moved for summary judgment, and it was this summary judgement which was granted. The trial court stated in its ruling that a check was sufficient acknowledgement of the debt to toll the statute, distinguishing the case discussed below.

Appellants deny any payments have been made on the note since before June, 1984. Inasmuch as this action was not filed until June 2, 1989, the five year statute of limitations, T. 12 O.S.1981 § 95 First, would bar the bringing of this action unless, as alleged by Appellees, a $5,000.00 payment dated June 7, 1984, satisfies the provisions of T. 12 O.S.1981 § 101, which reads:

> In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby.

The summary judgment granted to Appellees must, under this record, be reversed. There exists issues under the record presented to this Court which require resolution of a disputed question of fact. Appellees contend that Appellant owed no other debt to them during the period of time material here. They then contend the check in the amount of $5,000.00 constituted payment of a portion of the debt or sufficient acknowledgement of it to toll the statute of limitations. If this be true, then the action was timely brought.

Contrarily, Appellants contend they owed Appellees money on other obligations at this time, specifically, an open account. That being the case, the check does not acknowledge this debt absent a finding by the trier of fact. Appellants also argue the check in question does not acknowledge the debt for the reason that it carries on its face no notation of the purpose for which it was issued. They then argue that under the authority of *Vernon National Farm Association v. Helf* 129 P.2d 845 (1942), the check is insufficient to satisfy 12 O.S.1981 § 101 in any manner. The language relied on by Appellants from the last cited case at p. 847, states:

> The check pleaded by plaintiff neither contained any indication of what it was given for nor was it mentioned in any writings between the parties which made reference thereto or connected it in any manner. Therefore, it is apparent that measured by the rule announced in the above cases, the check must be held to be insufficient to constitute an acknowledgement such as required by the statute . . .

We hold that under this record, for purposes of summary judgment, the check cannot be sufficient to acknowledge the debt under the reasoning found in *Vernon* without a notation of its purpose. The fallacy in the argument of Appellants that the check cannot toll the statute in any event here is that in *Vernon* the check could not stand as payment on the indebtedness, because the check was accepted subject to payment and was never paid. Since it did not disclose any purpose on its face, it also could not be an acknowledgement of a debt. Citing from an earlier Oklahoma case, the Supreme Court of this State noted in *Vernon*, that under this provision, T. 12

O.S. § 101, there are three ways by which an action may be taken out from the operation of the statute of limitations. First, by payment of part of the principal or interest; second, by an acknowledgement in writing signed by the party to be charged; and, third, by a promise of payment signed by the party to be charged. The Court specifically stated *"It is sufficient that one of these conditions shall exist."* Thus, if the disputed payment is determined by the trier of fact to have been made in payment of the debt here sued upon, it is sufficient to toll the statute despite the absence of a notation of the purpose upon its face.

The existence of a factual dispute over the debt for which this check was given, summary judgment is inappropriate, and is reversed. The cause is remanded for proceedings not inconsistent with the views expressed herein.

REVERSED AND REMANDED.

ADAMS, P.J., and GARRETT, J., concur.