## Case No. 998.

### BARLOW v. BARNER.

[1 Dill. 418.] [1]

Circuit Court, D. Kansas. 1871.

STATUTE OF LIMITATIONS—WRITTEN ACKNOWL-
EDGMENT.

The statute of Kansas respecting the written acknowledgment, required to take a case out of the statute of limitations, construed and applied.

[At law.] This was an action on a promissory note apparently barred by the statute of limitations. The statute of the state of Kansas provides, that "In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt, or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby." Gen. St. 1868, p. 634. To show an acknowledgment in writing, of an existing liability, within the meaning of this statute, the plaintiff produced certain letters from the defendant to the plaintiff's attorney, as follows:

First Letter:—"Your favor is at hand. I was somewhat surprised to find you in possession of that somewhat celebrated note. Now have you got possession of that note? and if so, what are your instructions, and what is your authority in the premises? If you have the note, please state for what sum you are authorized to send it to me. Without going into detail, I just say to you that it will never be paid. I might suffer still further to have it up."

Second Letter:—"Yours in relation to Mrs. Barlow's claim is at hand. I have already written you that I would not pay it, but still, was willing to give something. I wrote Messrs. Grant & Smith, attorneys, at one time, that I would give $200.00, which they refused to accept. I thought then, and think now, that was, and is, all I ought to give. If she wants something, why don't she say how much, to be done with it?"

Third Letter:—"Yours of a late date, I found on my return, Saturday night. I leave again this morning, will answer you some of these days, but don't know what I can answer. That note took up a due bill previously given for money to loan for Mrs. Barlow, which was deposited in Cook & Sargeant's bank, just before their failure. I never got to the amount of one cent for it."

[Judgment for defendant.]

D. Brier, for plaintiff.
A. Williams, for defendant.

PER CURIAM, (MILLER, Circuit Justice, and DILLON, Circuit Judge, concurring.)

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

Courts, by their decisions as to the effect of loose and unsatisfactory oral admissions and new promises, had almost frittered away the statute of limitations; and to remedy this, statutes similar to the one in force in this state have been quite generally enacted.

The statute of Kansas requires the acknowledgment to be in writing and signed by the party, and the acknowledgment must be of an existing liability with respect to the contract upon which a recovery is sought. The letters relied on by the plaintiff do not acknowledge an existing liability, but rather repel it.

Judgment for the defendant.