OSCAR HAYTHORN v. S. W. COOPER *et al.*

No. 12,711.    (69 Pac. 333.)

SYLLABUS BY THE COURT.

1. LIMITATION OF ACTION—*Note and Mortgage—Insufficient Acknowledgment of Liability.*  A writing which mentions the fact that the writer had made a mortgage, and suggests to the holder ways in which he might escape loss by taking care of the property mortgaged, is not such "an acknowledgment of an existing liability, debt or claim" as will prevent the running, or remove the bar, of the statute of limitations on the note secured by such mortgage.

2. ———— *Requisites of Acknowledgment in Writing.*  While an acknowledgment, in order to be efficient for that purpose, need not be explicit and in exact words, it must amount to "an unqualified and direct admission of a present subsisting debt on which the party is liable."

Error from Sedgwick district court; D. M. DALE, judge. Opinion filed July 5, 1902. Reversed.

*O. A. Keach,* and *S. B. Amidon,* for plaintiff in error.

*Stanley, Vermilion & Evans,* for defendant in error S. W. Cooper.

Haythorn v. Cooper.

The opinion of the court was delivered by

CUNNINGHAM, J.: · This was an action on a note and
to foreclose a mortgage securing the same.   The de-
fense was based upon the statute of limitations.   To
remove the bar, the following letter was relied on by
the plaintiff :

"BELLE PLAINE, KAN., September 13, 1894.
"*The Chester County Banking and Trust Co., West Chester, Pa.:*
   "GENTLEMEN—I understand you own a mortgage of
$3500 made by me and secured by lots 60, 62, and 64,
in Mead's addition to Wichita.   This property, which
cost me $15,500, is now ·said to be worth not over
$1500.   It is going to rack for want of good tenants,
and will not rent for half enough to pay taxes, or has
not in the last two years.   If the property could be
improved at a cost of about $1500, it would command
a good tenant at about $35 per month, or perhaps $40.
·But as I have no means to do this, I thought you
might be willing to sell your mortgage, provided I
could interest some of my friends to buy it, or you
might be willing to advance enough money to improve
the property, or suggest some way that both of us
might be saved such a disastrous loss.   I would be
pleased to hear from you, suggesting any plan to put
this into shape.             MRS. M. B. HAYTHORN."

In order to stay the running, or remove the bar, of
the statute of limitations, there must be "an acknowl-
edgment of an existing liability, debt, or claim, signed
by the party to be charged thereby."   (Civil Code,
§ 24; Gen. Stat. 1901, § 4452.)   Does this writing
satisfy this requirement?   We hold that it does not.
In the case of *Hanson v. Towle, Adm'r*, 19 Kan. 273,
the court said :

   "A mere ·reference to the indebtedness, although
consistent with its validity, and implying no dispo-
sition to question such validity, or a mere suggestion
of some action concerning it, is not such an acknowl-

edgment as is contemplated in section 24 of the code of civil procedure as sufficient to suspend the running of the statute of limitations. There must be an unqualified and direct admission of a present subsisting debt on which the party is liable.''

This case has been followed in *Gregg v. Barnes*, 32 Kan. 310, 4 Pac. 276, and cited in several other cases decided by this court. We do not understand by any of these decisions that it is necessary that the acknowledgment should be in explicit and unequivocal words. Nor do we understand that the terms and safeguards of the statute may be frittered away by any far-fetched or problematical deductions in explanation of the writing claimed to be an acknowledgment. Statutes of limitation are statutes of repose. One seeking to evade their result must bring himself within the terms of the statute which raises the bar. A writing which is no more consistent with the claim that an acknowledgment was intended than with the claim that it was not is not sufficient to remove the bar. It must be ''an unqualified and direct admission of a present subsisting debt on which the party is liable.'' Tested by this rule, we see little ground for the contention that the writing in issue is sufficient. It admits that a certain mortgage was made by the writer, but it is only by a very remote inference that any obligation now exists thereon. The letter would be as explainable under the hypothesis that the writer was denying the liability as with one that she was admitting it.

We are cited to the cases of *Elder v. Dyer*, 26 Kan. 604, 40 Am. Rep. 320, and *Pracht v. McNee*, 40 Kan. 1, 18 Pac. 925, as authority for holding the letter in the case at bar sufficient to stay the statute. We think these cases both go to the extreme verge in their conclusions, but it will be noted that neither of them at-

tacks the rule laid down in *Hanson v. Towle*, supra. In a large degree, every case must stand by itself, but in the construction of the language used in any case we must not lose sight of the explicit terms of the statute, and the sharp and unequivocal language of the leading cases which we have cited.

As the court below held that there was enough in the letter quoted above to stay the statute of limitations, and as in this we conclude that it erred, the judgment will be reversed, and the cause remanded for further proceedings.

JOHNSTON, GREENE, ELLIS, JJ., concurring.