LUCINDA WOOD v. DAVID S. MERRIETTA *et al.*

No. 12,960. (71 Pac. 579.)

PROMISSORY NOTE—*Limitation of Action.* The letter in controversy in this action is not such an acknowledgment of an existing debt or liability as will toll the statute of limitations.

Error from Rawlins district court; A. C. T. GEIGER, judge. Opinion filed February 7, 1903. Affirmed.

*Dempster Scott, John E. Hessin,* and *R. S. Hendricks,* for plaintiff in error.

*J. P. Noble,* for defendants in error.

*Per Curiam:* This action was brought on the 19th day of March, 1900, by Lucinda Wood, to foreclose a mortgage given to secure a promissory note in the sum of $500, made November 1, 1887, due five years from date, by one William Smartwood to Volney Kinyon, and by him transferred to plaintiff. Upon the copy of the note attached to and made part of the petition the following indorsements were made:

"Paid $150.00 and int. on said $150.00 on the within, & bal. to run until May 1st, 1894."

"Payment extended to July 29th, 1896, as per request of William Smartwood in letter of July 29th, 1895."

"Paid $105.00 May 1st, 1896."

The receipt of the following letter from the maker of the note and mortgage to the payee was alleged in the petition and testimony offered in proof of the allegation:

"CHARDIN, KAN., August 29, 1895.

"*Mr. Bills & Kinyons:* DEAR SIR—Yours at hand i doo not know what too write too you but if you will let me keepe this land one more year I think i can make

you a half payment in twelve months and if i Cant i will be glad too give up the land  i have got · too hundred acres of broke land too work next year and if i can get a fair crop i can save my home  we have not had enny crop too doo enny good for the past three years   Please give me a show next year 1896.
                Yours   WILLIAM SMARTWOOD.''

The defense relied upon is the bar of the statute of limitations.   There was judgment for defendants. Plaintiff brings error.

The payments alleged to have been made upon the note and the writing and receipt of the letter were put in issue by the pleadings.   No proof was made of payments.   The only proof offered by plaintiff to save the action from the bar of the statute of limitations was the above letter.   The finding of the trial court being general, the exact ground upon which the judgment rests cannot be ascertained.

The principal controversy raised by the evidence contained in the record relates to the genuineness of this letter.   However, conceding the letter to be genuine, we think the judgment must be affirmed. The language of the letter is not such an acknowledgment of an existing debt or liability as will toll the statute of limitations, under the prior decisions of this court.   (*Haythorn v. Cooper*, 65 Kan. 338, 69 Pac. 333.)

The letter relied upon being insufficient to save the action from the bar of the statute, the judgment must be affirmed.

All the Justices concurring.