## OLATMANNS v. GLENN et al.

No. 9632—Opinion Filed March 30, 1920.

(Syllabus by the Court.)

**1. Limitation of Actions—Tolling Statute—Acknowledgment of Debt.**

Letters written by a debtor to the attorney for a creditor, if sufficient to constitute an acknowledgment of a then existing debt, is effective to toll the statute of limitations.

**2. Same.**

A general reference to an indebtedness of the author contained in a letter addressed to attorneys for creditor, and expressions in such letter of a desire or purpose to raise and pay money to one who was the holder of an obligation, are not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient, such acknowledgment must be a direct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable.

Error from District. Court, Jackson County; Frank Mathews, Judge.

Action by Gebhard Olatmanns against J. C. Glenn and another. Judgment for defendants, and plaintiff brings error. Affirmed.

Wm. J. Berne, for plaintiff in error.

W. C. Austin, for defendants in error.

BAILEY, J. This action was commenced to recover on a certain promissory note executed by defendants and certain other parties; said note being dated April 22, 1910, payable August 1, 1911. Suit was instituted in the district court of Jackson county on the 9th day of April, 1917.

The sole question presented on the appeal necessary for a determination of the cause, is whether or not certain letters described in and attached to plaintiff's petition were sufficient to toll the statute of limitations. The trial court, holding that such letters were not sufficient to toll the statute, sustained a demurrer to the petition, rendering judgment in favor of defendants in error.

It is alleged in the petition filed by plaintiff in error that on or about the 20th day of April, 1912, one Wm. J. Berne, as attorney for the owner and holder of said note, demanded of these defendants payment of the note now sued on, and that thereafter the following letters were written to him by such defendants:

"Olustee, Okla., April 23, 1912.

"Dear Sir:

"I have been waiting to see the other parties before writing you. I am very sorry the Co saw fit to push us at this time, as it is next to impossible to get money at this time. They never sent us any notice of when the note was due or where to make payment until about four months after the note was due. The agent then said he would see about giving us time until we could make something to pay with and never has wrote us about it of course we thought it was all right until we could make a crop.

"The crops were a failure last year our prospects are good for this year so far. I think I can meet my part about the first of June. I think I can get my alfalfa off by then. That will be as early as I can possibly pay. I hope that will be satisfactory.

"Yours,

"(Signed)    J. W. DICKEY."

"Olustee, April 24.

"Mr. Wm. J. Berne,

"Kind Sir:

"Your letter received. But I was away from home when it came I just got home last night. And if I had of been home I did not have the money to pay my part of the note on account of short crops last year. The horse has never given satisfaction at all and has been a expense ever since we got him. I bred 7 mares to him and I only got one colt and he is not what was recommended to us to be. Now would you want to pay for a horse that was not given satisfaction & is not what he was recommended to be. And they would not take him back. Now it will be impossible for me to meet it at present for money matters are so close here I just cannot raise it even if you bring suit, we bought the horse in good faith, and if they will give us time we will pay for him but it is impossible for me to do anything at present.

"(Signed)    J. C. GLENN."

Section 4663, Rev. Laws 1910, provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

This identical statute was in force in the state of Kansas for a long time prior to its adoption by this state, and the courts of Kansas have uniformly held:

That such provision of the Code "provides three ways by which an action on the contract after it has become barred as well as before may be taken out of the operation of the statute: First, by payment of a part of the principal or interest. Second, by an acknowledgment in writing of an existing liability, debt, or claim signed by the party to be charged. Third, by a promise of payment in writing signed by the party to be charged, and it is sufficient that one of these conditions shall exist." Elder v. Dyer, 26 Kan. 604.

Statutes of the character and nature hereinabove quoted have been a most fruitful source of doubt and discussion and conflicting decisions. Our statute, however, being identical with the Kansas statute and adopted from the state of Kansas, the Supreme court of that state having had occasion in numerous decisions both prior and subsequent to its adoption to construe and apply the terms and provisions of the statute, we feel warranted in making application of the statute to the facts in the instant case under the rule as announced by that court. In Hanson v. Towle as Adm'r, 19 Kan. 273, Justice Brewer, speaking for the court, held:

"A mere reference to the indebtedness, although consistent with its validity and implying no disposition to question such validity, or a mere suggestion of some action concerning it, is not such an acknowledgment as is contemplated as sufficient to suspend the running of the statute of limitation. There must be an unqualified and direct admission of a present subsisting debt on which the party is liable, and which he is willing to pay."

That part of the quotation as follows: "which he is willing to pay"—was subsequently, in Elder v. Dyer, supra, disapproved and withdrawn, but the general rule as followed in Hanson v. Towle, Adm'r, supra, has been quoted and approved in numerous later decisions of the Kansas court. Hay-

thorne v. Cooper, 65 Kan. 338, 69 Pac. 333. In Hamilton v. Beaubien (Kan.) 142 Pac. 245, where the alleged acknowledgments were as follows:

"Just as soon as I get hold of a little money, I will either send it to you or come down myself"

—and in a subsequent letter:

"I will send you all the money I can as soon as I thresh. Probably about the first of September"

—and in a later letter:

"I can do nothing at this time to help out. If I could even send him a little something so he might know I had not forgotten him I would feel better. * * * I may be able to send him some money in the near future. Will you kindly explain this to Mrs. Hamilton and tell her that I will do my best to raise some money for her"

—the Supreme Court of Kansas, affirming the action of the trial court in sustaining a demurrer to the petition, held:

"A general reference to an indebtedness of the author of certain letters, or expressions in them of a desire and purpose to raise and pay money to one who was the holder of an obligation, is not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient, it must be a distinct and unequivocal admission of a present, existing debt upon which the party signing the admission is liable."

In Corbett v. Hoss (Kan.) 157 Pac. 1195, under a state of facts which we think in many respects similar to the instant case, it was held:

"In a letter replying to one written by the plaintiff regarding an account of the defendant against which the statute of limitations had run, the defendant said: "Your letter of the 14th at hand and would say in reply that it is impossible for me to pay any on my account at present I am sorrow that I have got in such shape but I have done all that I can, my beets did not make as much last year as I thought and they put me in the hole but I will try and scratch out if you will only be pacient with me I have no beets this year I put out lots of oats and barley and it is no good I cant get me seed back it looks discouring to me at present. I thank you for past favors and hope that I may be able to pay you soon.' Held, that the letter does not constitute an acknowledgment within the meaning of section 23 of the Civil Code."

In Fort Scott v. Hickman, 112 U S. 163, 28 L. Ed. 636, the Supreme Court of the United States, while considering the Kansas statute, held:

"An acknowledgment cannot be regarded as an admission of indebtedness where the

accompanying circumstances are such as to repel that inference or leave it in doubt whether the party intended to prolong the time of legal limitation."

Applying the rule as announced in the foregoing cases, it appears that something more than expressions of a desire or purpose to liquidate an indebtedness to another is necessary to toll the statute of limitations. There must be such an acknowledgment of a then existing indebtedness as amounts to a distinct, direct, and unequivocal admission. Tested by this rule, we do not think the letters submitted are sufficient to toll the statute or to remove the bar of the statute of limitations.

We are not unmindful that numerous decisions may be found which apparently hold contrary to this view; but in the absence of any statement as to any specific amount, and in view of the contention that the author of the letters would be expected to pay only a "part", and expressions of purpose and desire being made subject to certain circumstances named, we do not think the letters contain such admissions or acknowledgments as meet the requirements of the test and rule as announced in the foregoing decisions. As stated above, our statute being identical with and adopted from the statute of Kansas, the following excerpt from City of Fort Scott v. Hickman, supra, is applicable:

"An acknowledgment of an existing liability, debt, or claim within the meaning of the Kansas statute, implies a meeting of minds, the right of the creditor to take what is written as an acknowledgment to him of the existence of the debt, as well as the intention of the debtor as deduced from the contents of the writing, under all the facts accompanying it, to make such acknowledgment."

It has been suggested that the letters offered to toll the statute were addressed and directed to parties other than plaintiff in error and therefore were ineffective to bind the defendant in error, but the Supreme Court of Kansas has held, in applying the identical statute, that an acknowledgment is effective though made to the agent of a creditor. Sibert v. Wilder et al., 16 Kan. 176; Clauson v. McCune's Adm'r, 20 Kan. 337. See, also, City of Fort Scott v. Hickman, supra; Cleland v. Hostetter (New Mex.) 79 Pac. 801.

The trial court did not err in sustaining the demurrer to the petition. The judgment is affirmed.

OWEN, C. J., and RAINEY, PITCHFORD, JOHNSON, and McNEILL, JJ., concur.