### TANKERSLEY v. COOKE.

No. 33492.   Feb. 5, 1952.

Rehearing Denied April 15, 1952.

Application for Leave to File Second Petition for Rehearing Denied May 6, 1952.

*243 P. 2d 722.*

Looney, Watts, Ross, Looney & Smith, Oklahoma City, for plaintiff in error.

Cantrell, Carey & McCloud and Edward M. Box, Oklahoma City, for defendant in error.

WELCH, J.   C. C. Cooke commenced action and recovered judgment against Dan Tankersley on certain promissory notes and the defendant has appealed.

The notes had been executed in the name of the "Tankersley Construction Company," and signed "Tankersley Construction Company by Earl Tankersley," and "By Dan Tankersley" and indorsed by Earl Tankersley and the defendant in the same order. The Tankersleys, brothers, had operated a construction business as a partnership for some years under said company name, and were officers and owners of the stock of a subsequently created corporation of the same name. The assets of the partnership were transferred to the corporation. More than five years elapsed from the maturity dates of the notes and no payment was made on the notes and no new written acknowledgment of the liability or promise to pay the same was made when Earl Tankersley and the defendant entered into a written contract of settlement of all claims of one against the other, and of all claims of Earl Tankersley against the said corporation. The contract recited that in settlement of said claims and for a cash consideration therein named, the defendant became a purchaser of all the stock in the corporation owned by Earl Tankersley. The contract contained further recitation as follows:

" . . . and the said Dan Tankersley and Tankersley Construction Company, a corporation, each assume and agree to pay and hold harmless the said Earl Tankersley from any and all judgments, causes of action or claims of whatever kind or nature against or by the said Tankersley Construction Company, a corporation, and debts incurred by it or in its name, or on its account, . . ."

This agreement was made in compromise and settlement of a controversy in suit between the brothers in which

the issue was whether Dan Tankersley had theretofore purchased and fully paid for all stock and interest of Earl Tankersley in the corporation. The said agreement was in writing and was filed in such action and resulted in termination of the action.

Within five years after the date of such agreement, but some nine or ten years after maturity of the notes involved, the plaintiff herein, C. C. Cooke, commenced this action against Dan Tankersley on the notes.

The defendant in defense asserted the five-year statute of limitation. The plaintiff, Cooke, contended the aforesaid agreement between Dan Tankersley and Earl Tankersley constituted a new promise on the part of Dan Tankersley to pay these notes.

12 O. S. 1941 §95 provides that an action upon any contract, agreement or promise in writing can only be brought within five years after the cause of action shall have accrued.

Beyond question plaintiff's suit on the notes was barred, unless the right to sue was revived and saved under the following provisions of the statute. 12 O. S. 1941 §101 provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment or promise must be in writing, signed by the party to be charged thereby."

No claim was made of any payment on the notes.

In reference to acknowledgment of a debt in the purview of the statute, supra, in Olatmanns v. Glenn, 78 Okla. 70, 188 P. 886, the court said:

". . . such acknowledgment must be a direct and unequivocal admission of a present existing debt upon which the party signing * * * is liable."

In that case reference is made to an identical statute in force in the State of Kansas, and to certain Kansas decisions, and to the construction of the Kansas statute in Fort Scott v. Hickman, 112 U. S. 163, 28 L. Ed. 636. In the Federal decision it was said:

"Although an acknowledgment need not, under the Kansas statute, amount to a new promise, yet the rule is applicable, that an acknowledgment cannot be regarded as an admission of indebtedness, where the accompanying circumstances are such as to repel that inference or to leave it in doubt whether the party intended to prolong the time of legal limitation. Roscoe v. Hale, 7 Gray, 274."

" . . .

"The settled doctrine in Kansas and the weight of authority elsewhere is, that statutes of limitation are statutes of repose and not merely statutes of presumption of payment. Therefore, to deprive a debtor of the benefit of such a statute, by an acknowledgment of indebtedness, there must be an acknowledgment to the creditor as to the particular claim, and it must be shown to have been intentional. Roscoe v. Hale, before cited. 'An acknowledgment of an existing liability, debt or claim,' within the meaning of the Kansas statute, implies a meeting of minds, the right of the creditor to take what is written as an acknowledgment to him of the existence of the debt, as well as the intention of the debtor, as deduced from the contents of the writing and all the facts accompanying it, to make such acknowledgment. . . ."

We find nothing in the terms of the contract between the defendant and Earl Tankersley which makes or which evinces any intention of making an acknowledgment to plaintiff, holder of the notes involved. The written agreement of the defendant to pay all debts incurred by the corporation or in its name, or on its account, might be said to amount to an acknowledgment that the corporation had some outstanding

indebtedness, but cannot be held to be a direct and unequivocal admission of a present existing debt to the plaintiff, a stranger to the agreement. The notes on their face reflect that an action thereon was subject to a defense of the bar of the statute of limitation at the time of execution of the contract, and for some years theretofore. This fact and the fact that no mention of the particular debt or claim of the plaintiff was made in the contract repels any inferences of admission of the notes as a present existing debt of the corporation or that the defendant intended to reinstate or revive and prolong the time of legal limitation.

The plaintiff suggests that the statute of limitations bars only the remedy and does not affect the debt itself, and contends the agreement of the defendant to pay all debts of the corporation, without specific exclusion, operated to include the debt evidenced by the notes held by the plaintiff. Attention is drawn to testimony of counsel for the contracting parties concerning their discussions of the plaintiff's notes in the negotiations leading up to the compromise and settlement of the pending litigation and to the execution of the contract above mentioned.

The written agreement of the defendant and Earl Tankersley was no part of the plaintiff's cause of action upon the notes, but was relied on by the plaintiff to start anew the running of the statute of limitations. Under these circumstances shown, and in application of section 101, supra, extrinsic evidence concerning the notes or the indebtedness or the written contract could not avail plaintiff so as to deprive the defendant of the benefit of the statute of limitations, unless an acknowledgment of indebtedness as to the particular claim may be found from the contents of the writing.

Note this extract from the Fort Scott case, supra:

"In Barlow v. Barner, 1 Dill. 418, this Statute of Kansas was under con-

sideration by Mr. Justice Miller and Judge Dillon, and the court said: 'Courts, by their decisions as to the effect of loose and unsatisfactory oral admissions and new promises, had almost frittered away the Statute of Limitations and, to remedy this, statutes similar to the one in force in this State have been quite generally enacted. The Statute of Kansas requires the acknowledgment to be in writing and signed by the party, and the acknowledgment must be of an existing liability with respect to the contract upon which a recovery is sought.' "

We adopt the above-quoted expression as being applicable to our state and our statute, section 101, supra. As noted in 54 C. J. S. Limitations of Actions, §306:

"The general rule is that an acknowledgment or promise to pay, in order to take the debt out of the statute, must satisfactorily and certainly appear to refer to the very debt in question."

The plaintiff suggests there is a distinction between "acknowledgment" and "promise to pay," as used in section 101, supra, and contends the written contract contained a new promise to pay sufficient in form and substance to revive the remedy for the enforcement of the notes as against defendant's plea of the statute of limitations.

It is true, as suggested by the plaintiff, that under the statute an acknowledgment of an existing liability need not contain in express terms a new promise to pay to revive or start anew the statute of limitations. On the other hand, when a written promise to pay is relied on to revive the limitation period, the new promise must identify the debt and must contain language which with certainty covers it so as to amount to a written acknowledgment of an existing liability or a promise to pay it.

The plaintiff, a stranger to the written agreement of the defendant to pay all debts of the corporation, in reliance on the terms of the writing to start anew the running of the statute of lim-

itations as to a right of action on the notes, must find in the terms of the instrument itself a promise to pay his particular claim and it must be shown to have been intentional.

As we have noted, the written agreement of the defendant given to Earl Tankersley to pay all debts incurred by the corporation does not in its terms contain a direct and unequivocal admission of any particular existing indebtedness. On the other hand, the only terms of the agreement that could be said to contain a benefit flowing to Earl Tankersley was the part of the agreement to hold the said Earl Tankersley harmless from all debts incurred by the corporation, or in its name or on its account. This agreement to indemnify and the whole agreement does not suggest that the defendant intended to prolong the time of legal limitation on claims such as that of the plaintiff, but repels any inference of admission of such an indebtedness or promise to pay the particular indebtedness.

Both plaintiff and defendant in their briefs draw attention to Belcher v. Tacoma Eastern R. Co., 99 Wash. 34, 168 P. 782, and Big Diamond Milling Co. v. Chicago, M. & St. P. R. Co., 142 Minn. 181, 171 N. W. 799.

In the first case a railroad in writing promised refund of charges collected in excess of a particular tariff schedule. In the second case there was "a letter to the public signed by a railroad company promising to refund the difference between a statutory freight rate and a higher rate collected, on all shipments made during a period of litigation to determine the validity of the statutory rate."

It is to be noted that in these cases there was a promise to pay and acknowledgment of particular claims arising from particular transactions and during a definite period of times as distinguished from the general terms of agreement of the defendant herein.

The plaintiff further contends the written agreement of the defendant constituted a new and independent obligation creating a new cause of action which accrued at the date of its execution and enforceable by plaintiff as a third party beneficiary.

In the absence of any language in the contract which can be regarded as an admission of the particular indebtedness, or as a promise to pay the particular claim, that contention is without merit.

It is contended, with some support in the record, that these notes represented debts of the former partnership, that the notes were executed by the partnership, and never became obligations of the corporation, and for that further reason could not be said to be included in the general expression used in the agreement between the brothers. We find it not necessary to determine that question since we must conclude the defendant is fully entitled by express statute to rely on the defense of the bar by limitations.

In our view, as expressed above, the outlawed debts of the corporation were not revived by the settlement contract, and the trial court erred in not sustaining the defense of the statute of limitation. The judgment of the trial court is reversed, and the cause is remanded to that court, with directions to enter judgment for the defendant.

HALLEY, V.C.J., and CORN, DAVISON, and JOHNSON, JJ., concur. GIBSON, O'NEAL, and BINGAMAN, JJ., dissent.