**H. B. BELL, Plaintiff in Error,**

v.

**John C. BOCKAS, Defendant in Error.**

No. 36468.

Supreme Court of Oklahoma.

April 12, 1955.

Rehearing Denied May 10, 1955.

Bıyan Billings, Woodward, for plaintiff in error.

William R. Burkett, Woodward, for defendant in error.

DAVISON, Justice.

This is an action on a promissory note, brought by the plaintiff, John C. Bockas, against the defendant, H. B. Bell. The parties will be referred to as they appeared in the trial court.

The action was barred by limitations unless the letters written by the defendant were sufficient to constitute an acknowledgement of the debt and effected a tolling of the statute. The trial court held that they did and rendered judgment for plaintiff on the pleadings. From that judgment, defendant has perfected this appeal. Defendant relies upon no defense other than the statute of limitations. Therefore the sole question for determination here is as to the effect of the said letters.

Section 101 of Title 12 O.S.1951 provides:

"In any case founded on contract, when any part of the principal or interest shall have been paid, or an acknowledgment of an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgment of promise must be in writing, signed by the party to be charged thereby."

The rules of law controlling the application of the quoted statute are firmly established in this jurisdiction. The difficulty lies in their application to the individual factual situation and each case

must rest on its own bottom. One rule is stated in the case of Baker v. Christy, 172 Okl. 32, 44 P.2d 16, to the effect that,

"All that is necessary to satisfy the statute is for the debtor to manifest in writing an acknowledgment of the existing liability, debt, or claim, and no particular form is necessary."

On the other side of the question is the rule stated in the case of Olatmanns v. Glenn, 78 Okl. 70, 188 P. 886, as follows:

"A general reference to an indebtedness of the author contained in a letter addressed to attorneys for creditor, and expressions in such letter of a desire or purpose to raise and pay money to one who was the holder of an obligation, is not such an acknowledgment as will remove the bar of the statute of limitations. To be sufficient, such acknowledgment must be a direct and unequivocal admission of a present existing debt upon which the party signing the admission is liable."

Both of the above-quoted cases discuss the respective rules in detail, outlining the previous cases from this and other jurisdictions. In the quoted cases and in others dealing with the same questions the decisions of the Supreme Court of Kansas, whence the statute came, are relied upon and followed in the interpretation of the same.

The record in the instant case reveals that, in so far as it has any bearing here, the following letters, or excerpts therefrom, were written by defendant and attorney Foley, plaintiff's attorney, and said letters were made a part of the plaintiff's petition.

"September 17, 1948,
"Hello John:
"* * * Have an attorney in Salt Lake trying to collect some due me down there and the first that I get will send to you. I am only sorry I *havent* any cash now & in this place. I *dont* know when I could borrow any more. In fact I *dont* know just how I will pay my bill to get out of here yet.

May *haft* to leave on a dark night.
* * *

"As ever, your friend,
"H. B. Bell"

"May 7, 1950,
"Dear John:
"* * * I came in Monday and found a letter from Foley in which he indicates that you have written to me, * * * The results of the trip were of no monitary value at all and for that reason I was unable to pay you any on account. I am indeed sorry that I am unable to help you out at this time and to be honest with you I *cant* give you any definate time of payment. This I will say that when I do get my hands on some cash that will go farther than groceries for the family, you are the one that will receive it. I have found out to my sorrow that attorneys cannot get from a person something that he does not have, and in trying to hasten the collection of what was due me out there that I might pay you I have received no benefit but have had an additional expense. Well that is enough of that * * *. Well John I am sorry that things are as they are, and that you have been put to such inconvenience on my account, and I will say again that if you think it best to have your attorney start suit, and if it will in any way make you feel any easier in regard to the matter, you go ahead. No one can collect until I get some money, and when I do I will gladly pay you either way you want it. * * *.

"As ever, your friend,
"H. B. Bell."

The letter "from Foley" referred to was from the attorney in Ogden, Utah whom plaintiff had employed.

"June 13, 1950,
"Mr. H. B. Bell
"Route #2
"Woodward, Oklahoma.
"Dear Mr. Bell:
"I have been retained by Mr. Bockas, of this city, to write you relative to a

promissory note which you executed to Mr. Bockas on the 28th day of October 1944. The note was for $1,100.00, bearing interest at the rate of 5 per cent per annum from October 11, 1944 until paid.

"Mr. Bockas has informed me that he has written you on several occasions regarding the payment of this money, and that nothing has been done on your part for paying of this note.

"I am authorized to inform you that unless some agreement is reached between yourself and myself regarding the payment of this note, that I shall have to turn the matter over to a corresponding attorney in Oklahoma with instructions to institute immediate suit for the collection of this promissory note.

"I shall await a reply from you within the next few days. If, however, I hear nothing regarding your intentions, then I will forward this note to an attorney in Oklahoma for collection. It is both my desire and Mr. Bell's desire that such drastic action will not be necessary.

"Please let me hear from you at your earliest possible convenience.

"Yours very truly,
"Joseph C. Foley,
"Attorney at Law"

"July 18, 1950,

"Hello John:

"Returned from Kansas this A.M. and found your letter from Foley, don't blame you a *damed* bit for feeling that way. Sure don't want you to think there are any hard feelings on my pary for you having an attorney write me * * * John I will send you some on account just as soon as I get it, but I cannot do the impossible as much as I would like to, if you wish to start suit against me and spend the money for attorney fees I am sure I *want* feel in *anyway* hard toward you for having done so. But that will not get the money any faster, as much as I hope it might.

"Yours truly,
"H. B. Bell Sr."

"November 27, 1951,

"Dear John:

"* * * John I am sorry that my financial status is still in the sewer. * * *

"John I promised you the first money I got my hands on that *didnt haft* to go for family expense and that still holds good.

"As ever, your friend,
"H. B. Bell, Sr."

We are of the opinion that when all of the letters above set forth are considered together they show an acknowledgment of a then existing indebtedness as amounts to a distinct, direct and unequivocal admission. We think the factual situation existing in the present case is sufficiently analogous to the facts in the case of Baker v. Christy, supra, that the reasoning in that case should be followed.

The facts in the present case are distinguishable from the facts in the case of Olatmanns v. Glenn, supra, in that in the latter case it is pointed out that there was an absence of any statement as to the specific amount due. Here the letter of Foley made the indebtedness and the amount due specific. Here the letters acknowledge an existing liability.

The courts should not permit a debtor to write letters as involved herein, considering also the letter written by plaintiff's attorney, to lull its creditor into a sense of false security, and the creditor trusting him delays filing his suit, relying on debtor's promise to pay, and when suit is filed permit him to come into court and defeat recovery on the sole plea of the statute of limitations. This should be especially true as between a long trusting friend as the plaintiff was shown to have been by the letters herein.

The judgment is affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY, BLACKBIRD and JACKSON, JJ., concur.