**FEDERAL DEPOSIT INSURANCE CORPORATION, in its corporate capacity as liquidator of Central Bank and Trust of Tulsa, Oklahoma, Appellant,**

v.

**James R. MOORE a/k/a James Richard Moore and Kathleen H. Moore a/k/a Kathleen Helen Moore, husband and wife; and More Properties, Inc., an Oklahoma Corporation, Appellees,**

**Direct Management Services, Inc., an Oklahoma Corporation; Diamond Head Property Owners Association, Inc., an Oklahoma non-profit corporation; John Doe and Mrs. John Doe, husband and wife; Joyce Hathcoat, Osage County Treasurer; and Board of County Commissioners of Osage County, Oklahoma, Defendants.**

**No. 85129.**

Court of Appeals of Oklahoma,
Division No. 1.

June 6, 1995.

in a substantial degree, the school residence of the children is the same as the residence of the parents.

Susan J. Speaker, Tulsa, for appellant.

James H. Ferris, Tulsa, for appellees.

## MEMORANDUM OPINION

JOPLIN, Judge:

Appellant Federal Deposit Insurance Corporation (FDIC or Appellant) seeks review of the trial court's order granting summary judgment to Appellees James Moore, Kathleen Moore and More Properties, Inc. (the Moores or Appellees) in FDIC's action for collection on promissory note(s) and foreclosure of mortgage. Herein, FDIC asserts error of the trial court in excluding evidence

of an acknowledgement of the debt by the Moores and consequent error by the trial court in holding FDIC's action barred by statute of limitations. We find the trial court erred in excluding the evidence, but nevertheless hold the trial court did not err in concluding that FDIC's claim is barred by limitations.

In July 1985, the Moores executed a $100,-000.00 promissory note to Central Bank and Trust Company of Tulsa, secured by a mortgage on two parcels of real property belonging to the Moores at Diamond Head resort. In July 1986, the Moores executed a renewal note, due on January 2, 1987. Central Bank and Trust subsequently failed and FDIC was appointed receiver.

In October 1989, the Moores corresponded with FDIC concerning payment of the note. In the first letter dated October 17, 1989, and specifically referencing the $100,000.00 renewal note, the Moores advised that "[we] have obtained a source of funding for 6–3 Diamond Head and 2 Diamond Head Drive properties [and] offer to settle the balance on the above identified properties for the amount of $180,000.00." [1] In the second letter dated October 24, 1989, the Moores "propos[ed], if acceptable to the FDIC, ... a settlement of $180,000 for the existing debt on both properties." However, the matter remained unresolved.

FDIC subsequently commenced the instant action on October 14, 1994 to collect on the $100,000.00 note and to foreclose the mortgage, alleging the Moores' default, and attaching to its petition the original note, the renewal note and copies of the Moores' October 1989 letters. The Moores answered, asserting the defense of statute of limitations. The Moores subsequently moved for summary judgment, again asserting bar to FDIC's action by limitations and objecting to consideration of the October 1989 letters as inadmissible under 12 O.S.1991 § 2408. FDIC responded, arguing that the Moores'

---

1. The $180,000.00 referred to by the Moores apparently covered several outstanding obligations, not just the note at issue here, but the record does not reflect the amount of the Moores' other obligations to the FDIC.

October 1989 letters constituted acknowledgements of existing debt, admissible to show no bar by limitations under 12 O.S. § 101.

Upon consideration of the parties' respective filings, the trial court agreed with the Moores, finding the letters constituted inadmissible offers of settlement, and held FDIC's claim barred by limitations. FDIC now appeals, and the matter stands submitted for accelerated appellate review on the trial court record under Rule 13(h), Rules for District Courts, 12 O.S.Supp.1993, Ch. 2, App., and Rule 1.203, Rules of Appellate Procedure in Civil Cases, 12 O.S.Supp.1993, Ch. 15, App. 2.

■ In relevant particular, § 2408 provides:

Evidence of:

1. Furnishing, offering or promising to furnish; or

2. Accepting, offering or promising to accept,

a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for the claim, invalidity of the claim or the amount of the claim.

Evidence of conduct or statements made in compromise negotiations is not admissible. This section does not require the exclusion of discoverable evidence merely because it is revealed in the course of compromise negotiations. This section does not require exclusion of evidence when it is offered for another purpose, including proof of bias or prejudice of a witness, negativing a contention of undue delay, or proof of an effort to obstruct a criminal investigation or prosecution.

On the statute of limitations issue, section 101 provides:

In any case founded on contract, when any part of the principle or interest shall have been paid, or an acknowledgment of

an existing liability, debt or claim, or any promise to pay the same shall have been made, an action may be brought in such case within the period prescribed for the same, after such payment, acknowledgment or promise; but such acknowledgement or promise must be in writing, signed by the party to be charged thereby.

Under § 2408, the Moores argue their October 1989 letters clearly constitute offers of settlement, as such inadmissible to show validity of or liability on (i.e., timely filing of) FDIC's claim. FDIC argues that although the letters constitute offers of settlement, the letters are nevertheless admissible "for another purpose" under § 2408 to show the Moores' acknowledgement of their obligation and commencement of a new limitations period under § 101, i.e., in § 2408 parlance, to negative the Moore's contention of undue delay.

■ The trial court found that the Moores' letters constituted offers of settlement, and we tend to agree with the trial court's evaluation thereof. However, the characterization of the letters as offers of settlement does not render the letters inadmissible *per se*. That is, § 2408 proscribes admission of offers of settlement to prove liability, validity or amount of the underlying claim, but permits admission thereof for "another purpose," and sets out some examples of such permissible other purposes, i.e., to show bias or prejudice of a witness or to negative a contention of undue delay. Moreover, the listed exceptions to the § 2408 exclusionary rule are illustrative only, and do not inferentially limit admission of offers of settlement tendered for other purposes not specifically enumerated. *See, e.g., Pryor Automotive Supply, Inc. v. Estate of Edwards*, 815 P.2d 202 (Okla. App.1991) (decisions construing provisions of federal rules of evidence instructive in construing similar Oklahoma provisions). *See also,* Notes of Advisory Committee on Rules, Rule 408, Federal Rules of Evidence, 28 U.S.C.S., App. *See also, e.g., Gestetner Holdings, PLC v. Nashua Corp.*, 784 F.Supp. 78 (S.D.N.Y.1992) (offers of settlement admissible to show a defendant's pre-litigation

understanding of a contract provision); *United States Aviation Underwriters, Inc. v. Olympia Wings, Inc.*, 896 F.2d 949 (5th Cir. 1990) (offers of settlement admissible to rehabilitate a witness in rebuttal after impeachment on cross-examination); *Catullo v. Metzner*, 834 F.2d 1075 (1st Cir.1987) (offers of settlement admissible to prove terms of the settlement agreement in an action for breach thereof). Under the "another purpose" provision, it therefore appears that the Moores' letters are properly admissible under § 2408 on the issue of commencement of a new limitations period under § 101, and we so hold.

 We thus turn our attention to the substance of the letters to evaluate the sufficiency thereof as an "acknowledgement" of debt as to trigger application of § 101. Having reviewed the decisions applying § 101, however, we find a division of authority.

On the one hand, the Oklahoma Supreme Court in a pre-statehood case held that a mere offer to compromise, although including a reference to the indebtedness and consistent with an acknowledgement of a present subsisting debt, did not constitute the unequivocal "acknowledgement" of debt or new promise to pay as to trigger the § 101 savings provision. *Andrew v. Kennedy*, 4 Okla. 625, 46 P. 485 (1896). *See also, American Surety Co. of New York v. Steele*, 84 Okla. 166, 203 P. 1043 (1922) (mere reference to debt not a sufficient acknowledgement under § 101); *accord, Olatmanns v. Glenn*, 78 Okla. 70, 188 P. 886 (1920). On the other hand, where a debtor in writing couples an acknowledgement of debt with a promise to pay at sometime in the future, or with a request for additional time to pay, the Oklahoma Supreme Court has consistently held the § 101 savings triggered, reasoning that it would be inherently unfair for a debtor to wield the statute of limitations having admitted his debt and lulled the creditor into false sense of security with promised performance in the future. *See, e.g., Bell v. Bockas*, 284 P.2d 425 (Okla.1955); *Baker v. Christy*, 172 Okla. 32, 44 P.2d 16 (1935).

 Construing these decisions together, it appears to us that a mere reference to debt without attendant request for extension of time to pay or a promise to pay sometime in the future is not sufficient to trigger § 101. That is, unless the creditor can point to some expression of intent to perform by the debtor if creditor simply waits therefor, creditor may not take advantage of the § 101 savings provision. *Bell*, 284 P.2d at 428 (repeated promises to pay in future constitute sufficient acknowledgement under § 101); *Baker*, 44 P.2d at 18 (request for extension of time to pay "this note soon" constitutes sufficient acknowledgement).

As applied to the present case, the Moores' letters contain neither a promise to pay the entire amount in the future, nor a request for extension of time to pay, nor any other indication that the Moores would pay the entire amount of the debt at sometime in the future. Under our construction of the cases, therefore, FDIC reaps no benefit from § 101, and we hold FDIC's claim on the notes, commenced over five years after FDIC's cause of action thereon accrued upon the Moores' default, barred by the five year statute of limitations. 12 O.S. § 95 (First).

Thus, and although we find the trial court erred in holding the Moores' letter offers of settlement inadmissible, we nevertheless conclude the trial court did not err in holding FDIC's action barred by limitations. The order of the trial court granting summary judgment to the Moores is therefore AFFIRMED.

HANSEN, P.J., and CARL B. JONES, J., concur.